In the Matter of SEARCHES AND
SEIZURES CONDUCTED ON
OCTOBER 2, AND 3, 1980.

Michael NECHY, Movant-Appellant,

v.

UNITED STATES of America,
Respondent.

No. 81–1819.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 24, 1981.

Decided Dec. 1, 1981.

■■■■■■

Waring R. Fincke, Shellow & Shellow, Milwaukee, Wis., for movant-appellant.

Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis., for respondent.

Before SWYGERT, Senior Circuit Judge, and SPRECHER and BAUER, Circuit Judges.

BAUER, Circuit Judge.

Movant Michael Nechy appeals from an unpublished district court order denying his motion for return and suppression of seized property. For the reasons stated in this opinion, we affirm the judgment of the district court.

I

On October 1, 1980, the Drug Enforcement Administration ("DEA") sought and obtained a search warrant, issued pursuant to 21 U.S.C. § 880(d), which authorized the agency to conduct an administrative inspection search of the Mid-Town Pharmacy, Milwaukee, Wisconsin. DEA agents, accompanied by Milwaukee police officers, searched Mid-Town on October 2 and 3, 1980. As authorized by the warrant, the agents seized several documents and samples of Talwin, a controlled substance, for which the pharmacy was given receipts.

On December 12, 1980, Michael Nechy, a pharmacist employed by Mid-Town and designated operator and agent-in-charge of the pharmacy, filed a motion in the district court pursuant to rule 41(e), Fed.R.Crim. P., for the suppression and return of the seized property. Nechy requested that the court conduct an evidentiary hearing on his motion. Nechy sought suppression and return on the ground "that the 'administrative' warrant ... was merely a subterfuge and that the purpose behind the application for the warrant and its execution was to gather evidence of criminal activity." Movant's br. at 1. In reply, the Government argued that the warrant was supported by administrative probable cause and, thus, the search was lawful regardless of whether it was conducted in order to obtain evidence for a criminal investigation. Reply br. at 3.

On April 27, 1981, the United States District Court for the Eastern District of Wisconsin, the Honorable John W. Reynolds presiding, issued an opinion and order refusing Nechy's request for an evidentiary hearing and denying his motion for suppression and return. The district court held that there was probable cause, as defined by 21 U.S.C. § 880(d), to support the issuance of the warrant, and that it was irrelevant whether the DEA used the administrative search to obtain evidence for a criminal investigation.

This appeal is before this court in a rather unusual posture. Nechy does not request that we reverse the district court on the merits. Rather, he claims that the district court erred in refusing to conduct an evidentiary hearing on his motion and requests that we vacate the court's judgment and remand this cause for a hearing.

II

■■■ A district court is required to conduct an evidentiary hearing on a motion for suppression and return only if evidence on an issue of fact is necessary to the decision of the motion. Rule 41(e), Fed.R.Crim.P. The party requesting a hearing bears the burden of showing that there are disputed material facts. *United States v. Phillips*, 375 F.2d 75, 78–79 (7th Cir.), *cert. denied*, 389 U.S. 834, 88 S.Ct. 40, 19 L.Ed.2d 95 (1967); *United States v. Amidzich*, 396 F.Supp. 1140, 1145–1146 (E.D.Wis.1975). Nechy failed to meet this burden in the district court and has failed to demonstrate to this court that there were any disputed material facts "necessary to the decision of the motion." Rule 41(e), Fed.R.Crim.P. Nechy sought a hearing in order to question the DEA agents who applied for the search warrant to prove that they intended to use the administrative warrant to search for evidence of criminal activity. We agree with the district court, however, that any underlying auxiliary motivation for the

search was irrelevant. The only material fact necessary to the decision of Nechy's motion was whether the warrant was issued upon a showing of probable cause.

█ It is well-established that Congress may authorize searches of regulated industries conducted under authority of warrants issued on less than criminal probable cause. *United States v. Biswell*, 406 U.S. 311, 316, 92 S.Ct. 1593, 1596, 32 L.Ed.2d 87 (1972); *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 76, 90 S.Ct. 774, 776, 25 L.Ed.2d 60 (1970). Probable cause to support an administrative search warrant is established upon a showing that "reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]." *Camara v. Municipal Court*, 387 U.S. 523, 538, 87 S.Ct. 1727, 1735, 18 L.Ed.2d 930 (1967).

█ Probable cause to support issuance of an administrative warrant to search a registered pharmacy is defined in 21 U.S.C. § 880(d)(1), which provides that:

probable cause means a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant.

We have never had occasion to interpret this provision of Title 21, but those courts of appeals which have addressed this issue have held that there is probable cause to issue a warrant if the warrant affidavit alleges either that the regulated pharmacy has never previously been inspected, *United States v. Prendergast*, 585 F.2d 69, 70 (3d Cir. 1978); *United States v. Goldfine*, 538 F.2d 815, 819 (9th Cir. 1976), or that the pharmacy has recently purchased a large amount of a controlled drug. *United States v. Schiffman*, 572 F.2d 1137, 1140–1141 (5th Cir. 1978). We agree. The Comprehensive Drug Abuse Prevention and Control Act of 1970 was enacted to control drug traffic and to prevent drug abuse. 21 U.S.C. § 801. *See also United States v. Schiffman*,

572 F.2d at 1140. Periodic inspections of regulated pharmacies and inspections of pharmacies receiving large amounts of drugs for which there is a substantial illegal market further the dual goals of the Act. We hold that a warrant affidavit averring either that a pharmacy has never been inspected or that it has recently received an inordinately large supply of a controlled drug is sufficient to establish probable cause to issue an administrative search warrant. The warrant affidavit in this case alleged both elements. In fact, Nechy admits that the warrant affidavit stated administrative probable cause. Appellant's br. at 11, 13. No hearing was necessary to determine whether the warrant in this case was issued upon a showing of probable cause. There was probable cause to conduct the search of Mid-Town Pharmacy, and, thus, the district court order denying Nechy's motion for suppression and return of seized property is

AFFIRMED.

SWYGERT, Senior Circuit Judge, concurring.

Neither party disputes that the warrant was issued with administrative probable cause pursuant to 21 U.S.C. § 880(d)(1). The only issue before us is whether the trial court properly denied appellant's motion for suppression and return of his property pursuant to Rule 41(e), Fed.R.Crim.P. Appellant here seeks an evidentiary hearing on whether the real purpose behind the issuance and use of the administrative warrant was to gather evidence of criminal activity.

Employing administrative warrants for criminal investigations is illegal. The DEA's use of the Milwaukee city police in this search was, to say the least, highly questionable. There is, however, no indictment, no pending grand jury proceeding, and no current criminal investigation of appellant's activities. If a criminal proceeding resulting from the search were to be instituted, the appellant may then raise his objection about the improper use of the administrative warrant. Because the ap-

pellant does not find himself in a criminal setting, however, I see no basis for an evidentiary hearing.

I concur in the result.