**UNITED STATES of America, Plaintiff,**

v.

**Ajibola G. EDUN, Defendant.**

**No. 88 CR 402.**

United States District Court, N.D. Illinois, E.D.

June 29, 1988.

Anton R. Valukas, U.S. Atty. by Mary F. Harkenrider, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Craig Justin Katz, Ettinger, Schoenfield & Katz, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Pursuant to Fed.R.Crim.P. 14, defendant Ajibola Edun moves for a severance from his co-defendant, Tessy Akinwande. In addition, Edun moves to quash his arrest and suppress evidence seized as a result of the arrest. This court denies Edun's motions for severance and suppression.

Edun bases his severance motion on two unsubstantiated assertions. First, he claims that Akinwande's defense is antagonistic to his own. The Seventh Circuit has held, however, that such mutually antagonistic defenses mandate severance only when the acceptance of one party's defense would preclude the acquittal of the other. *United States v. Hendrix*, 752 F.2d 1226, 1232 (7th Cir.), *cert. denied*, 471 U.S. 1021, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985). Edun's motion never even discusses the extent to which Akinwande's defense strategy would prejudice Edun's case. Similarly, Edun fails to substantiate the second basis for his severance motion—his belief that Akinwande has made hearsay statements implicating Edun in the alleged crime. Edun never indicates which alleged hearsay statements would require sever-ance. Because Edun has presented no compelling reason for severance, this court denies his Rule 14 motion.

With regard to his suppression motion, Edun has not requested a hearing, and this court sees no need to hold one. The court is required to hold an evidentiary hearing on a suppression motion only if the motion raises an issue of material fact. *United States v. Goudy*, 792 F.2d 664, 667 (7th Cir.1986); *Nechy v. United States*, 665 F.2d 775, 776 (7th Cir.1981). Edun's motion does not challenge the government's portrayal of the facts. Instead, Edun simply asserts that agents of the Drug Enforcement Agency (DEA) lacked probable cause to arrest him. To evaluate Edun's argument, this court need only consider the following facts surrounding Edun's arrest: Akinwande was planning to fly to Chicago to make a delivery of heroin when DEA agents arrested him in New York. Following his arrest, Akinwande telephoned the man who was allegedly going to receive the heroin and arranged a meeting at Midway Airport. DEA agents traced the call to Edun. When Akinwande arrived at Midway Airport later that day, he once again called Edun. Shortly thereafter, Edun drove from his suburban Chicago home to the airport, where he met Akinwande. The two men then walked to Edun's car. Based on these facts, this court concludes that DEA agents had probable cause to arrest Edun when he and Akinwande reached Edun's car. Therefore, the court denies Edun's motion to quash his arrest and suppress evidence obtained incident to the arrest.