**UNITED STATES of America, Plaintiff,**

**v.**

**Javier SANTILLANES, Alfredo Torres, and Linda Briseno, Defendants.**

**No. 89 CR 1015.**

United States District Court, N.D. Illinois, E.D.

Jan. 16, 1990.

Ira H. Raphaelson, U.S. Atty. by Jacqueline O. Stern and James P. Fleissner, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Daniel E. Radakovich, Chicago, Ill., for defendant Santillanes.

Philip Krasny, Chicago, Ill., for defendant Torres.

### ORDER

BUA, District Judge.

Before the court are the various pretrial motions filed by defendants Alfredo Torres and Javier Santillanes. Each motion is addressed separately below.

## I. Torres' Motion to Quash Arrest and to Suppress Evidence

As a preliminary matter, the court finds that a suppression hearing is not necessary to resolve Torres' motion to quash arrest and suppress evidence. A defendant bears the burden of showing that disputed issues of material fact exist which necessitate an evidentiary hearing. *Nechy v. United States*, 665 F.2d 775, 776 (7th Cir.1981). "[T]o justify a hearing, the facts presented in the motion [to suppress] must be 'definite, specific, detailed and nonconjectural.'" *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir.1988); *see also United States v. Hamm*, 786 F.2d 804, 807 (7th Cir.1986). In this case, Torres' motion is void of virtually any factual detail concerning the circumstances surrounding his arrest. Therefore, Torres has failed to meet his burden of showing the need for an evidentiary hearing.

■ The only particular facts relating to the arrest which the court has been provided are contained in the government's consolidated response to Torres' motions. Therein, the government states that in the weeks immediately prior to December 1, 1989, law enforcement agents had completed two separate undercover drug transactions with defendant Linda Briseno; in the second of those transactions, agents had observed Briseno meeting with Santillanes just prior to executing the deal. In November 1989, the agents set up a third drug deal with Briseno for December 1, 1989 at 3:30pm. At 2:45pm on December 1, the agents observed Santillanes and Torres as those two defendants traveled to the area where Briseno's office is located. The agents then watched as Santillanes and Torres left their car for a short period of time, returned to their car, then drove to a bar. At approximately 4:30pm, the drug deal was cancelled. Ten minutes later, agents observed as Torres and Santillanes again drove to the area near Briseno's office. After the agents witnessed Torres receiving a package from Briseno, Torres and Santillanes drove off. Shortly thereafter, the agents stopped the car and ordered Torres and Santillanes out of the car.

The agents then seized two packages appearing to contain black tar heroin which were laying on the floor of the passenger side of the car.

Based on those facts, the court finds that Torres' motion to quash arrest and suppress evidence must be denied. Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "a police officer who observes suspicious activity may, though he lacks the probable cause traditionally necessary to make an arrest, stop an individual briefly to investigate the circumstances provoking suspicion, provided the officer is 'able to point to specific and articulable facts which, taken together with reasonable inferences from those facts, reasonably warrant that intrusion.'" *United States v. Ocampo*, 890 F.2d 1363, 1368 (7th Cir.1989). In this case, the above facts clearly establish reasonably suspicious circumstances to make a *Terry* stop of defendants. Moreover, the agents in this case had probable cause to arrest the defendants once they discovered the heroin which was laying in the car in plain view. Therefore, Torres' motion to quash arrest and suppress evidence is denied.

## II. Torres' Motion to Suppress Confession

■ After his arrest, Torres made certain admissions and incriminating statements to law enforcement agents. Torres claims that he made those statements without having received any *Miranda* warnings and only after government agents promised him that he would be released from custody and treated leniently if he cooperated with the government. Torres argues that because his admissions were made without *Miranda* warnings and were induced by promises of compromise, the admissions were involuntary and, therefore, they should be suppressed.

The government responds that Torres was given *Miranda* warnings immediately upon his arrest and that he signed a waiver form setting forth his *Miranda* rights prior to being interrogated by agents at the DEA office. The government also contends that Torres gave information to the

agents because he "wanted to talk", and that the totality of the circumstances shows that the incriminating statements made by Torres were voluntary, not coerced by any promises on the government's part.

The court finds that an evidentiary hearing is required to resolve this motion. Only a factual inquiry can determine whether Torres was advised of his *Miranda* rights prior to making the incriminating statements. A factual investigation also needs to be made to more fully flush out the "totality of circumstances" surrounding the government agents' interrogation of Torres and to ascertain what, if any, promises were made to Torres regarding leniency on the government's part if Torres agreed to cooperate. These factual questions must be settled before Torres' motion can be resolved. *See U.S. v. Long*, 852 F.2d 975, 976–78 (7th Cir.1988) (holding that all of the circumstances must be reviewed in determining whether a defendant voluntarily confessed, including the nature of the promises made to defendant regarding leniency); *U.S. v. Guerrero*, 847 F.2d 1363, 1366 (9th Cir.1988) ("A statement is involuntary if it is extracted ... [from] a suspect in response to a promise made by law enforcement personnel ... [if] [t]he promise [is] sufficiently compelling to overbear the suspect's will *in light of all the attendant circumstances.*") (emphasis added). Therefore, the court sets Torres' motion to suppress for a hearing before Magistrate Rosemond on Thursday, January 18, 1990, at 11:30am.

### III. Torres' Motion to Preserve Handwriting Notes of Government Agents

Pursuant to the Jencks Act, 18 U.S.C. § 3500, and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Torres has moved for the preservation of any handwritten notes of government agents relating to his case. The government has agreed to preserve all such materials and make them available to Torres. Therefore, Torres' motion is denied as moot.

### IV. Torres' Motion for Notice of Intent to Use Evidence of Other Crimes, Wrongs, Acts, and Specific Instances of Misconduct

Torres moves for an order requiring the government to provide notice of its intention to use evidence of other crimes under Fed.R.Evid. 404(b) and evidence of specific acts of misconduct under Fed.R. Evid. 608(b). Torres seeks disclosure of the government's intent to use such evidence in its case-in-chief, during cross-examination, and in its rebuttal case. This court has long held, however, that the plain language of Fed.R.Crim.P. 12(b)(2) of the Federal Rules of Criminal Procedure limits pretrial discovery to evidence of other crimes and specific acts of misconduct which the government plans to offer only in its case-in-chief. *See U.S. v. Marquez*, 686 F.Supp. 1354, 1358 (N.D.Ill.1988); *U.S. v. Climatemp, Inc.*, 482 F.Supp. 376, 391 (N.D.Ill.1979). Therefore, to the extent that Torres seeks disclosure of material which the government does not plan to use in its case-in-chief, his motion lacks foundation. In addition, to the extent that Torres seeks notice of other crimes and acts of misconduct which the government plans to offer in its case-in-chief, his motion is moot; the government has indicated that at this point it does not intend to introduce any such evidence in its case-in-chief. Accordingly, Torres' motion is denied.

### V. Torres' Motion For a Pretrial Hearing or in the Alternative For a Proffer of Proof Regarding Co-conspirators' Statements

Under Fed.R.Evid. 801(d)(2)(E), a statement offered as evidence against a defendant is not excludable as hearsay if it is made by a co-conspirator of the defendant during the course of and in furtherance of the conspiracy. Before a statement of a co-conspirator may be admitted into evidence under Rule 801(d)(2)(E), however, the government must establish, by a preponderance of independent, non-hearsay evidence: (1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy at the time the

declaration was made; and (3) that the statement was made in the course of and in furtherance of the conspiracy. *United States v. Santiago*, 582 F.2d 1128, 1135 (7th Cir.1978). Pursuant to *Santiago*, Torres has moved the court for a pretrial determination of the admissibility of his alleged co-conspirators' statements. Torres requests a pretrial hearing on the admissibility of these statements or, alternatively, a pretrial proffer of evidence from the government.

Of the two alternative methods for determining the admissibility of co-conspirators statements which Torres requests, the Seventh Circuit has recognized that requiring a written proffer of proof from the government has distinct advantages. In both *United States v. Boucher*, 796 F.2d 972, 974 (7th Cir.1986), and *United States v. Andrus*, 775 F.2d 825, 837 (7th Cir.1985), the court acknowledged that the procedure of accepting a written proffer instead of holding a hearing has the advantage of economy, since under that method witnesses need not be brought in twice and "the court will not spend an excessive amount of time making a determination which is only preliminary." Therefore, this court finds that a hearing on the admissibility of Torres' alleged co-conspirators' statements is unnecessary. Instead, the court will require the government to file a written proffer of proof prior to trial setting forth independent, non-hearsay evidence which satisfies the *Santiago* factors before the statements of Torres' alleged co-conspirators will be admitted. Accordingly, to the extent that Torres' motion requests the court to order the government to submit a written proffer of proof, it is granted; in all other respects, it is denied.

## VI. Defendants' Motions For Disclosure of Agreements, Promises, and Other Consideration Between the Government and Prosecution Witnesses and For Disclosure of Exculpatory Material

Torres and Santillanes move for the production of impeaching and exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The government has replied that it is unaware of any *Brady* material at this time but it will promptly provide any exculpatory material to defendants as soon as it comes into the government's possession. Regarding impeachment evidence falling within the realm of *Giglio*, the government has indicated that it will provide such material to defendants sufficiently in advance of each witness' testimony. Therefore, Torres' and Santillanes' motions for production of material pursuant to *Brady* and *Giglio* are denied. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir.1986) (disclosure of *Brady* material need not be made until trial so long as defendant receives a fair trial).

Santillanes' motion also requests additional discovery which arguably falls outside the scope of *Brady* and *Giglio;* for example, Santillanes requests "a list of the persons known to the government, as shown by its files, who have some knowledge of this case, but who will not be called to testify at trial." Santillanes, however, has failed to produce sufficient support showing the need for this additional discovery or his entitlement to it. Accordingly, his requests for such information are denied.

## VII. Santillanes' Motions For Inspection and Copying of Documents Pursuant to Fed.R.Crim.P. 16(a)(1)

The government has represented that it has already provided Santillanes with the information to which he is entitled pursuant to Fed.R.Crim.P. 16(a)(1). Therefore, Santillanes' motions for production of that material are denied as moot.

## VIII. Santillanes' Motion For Early Disclosure of Jencks Act Material

The government has indicated that it will provide Santillanes with Jencks Act material prior to the commencement of trial, so that his defense counsel has sufficient opportunity to review the material. There is simply no basis for Santillanes'

request for disclosure of the material well in advance of trial. Therefore, Santillanes' motion for early disclosure is denied.

### IX. Torres' Motion to Adopt Pretrial Motions of Co-defendants

Torres' motion to adopt the motions filed by his co-defendants is granted. To date, however, the only pretrial motions which have been filed by Torres' co-defendants are those submitted by Santillanes, which the court has already denied herein. Nevertheless, the court also grants Torres' motion to the extent that it relates to future motions filed by his co-defendants which are applicable to him.

### CONCLUSION

For the foregoing reasons, Torres' motion to suppress confession is set for a hearing before Magistrate Rosemond on Thursday, January 18, 1990, at 11:30pm. Torres' motion requesting a pretrial determination of the admissibility of his alleged co-conspirators' statements is granted to the extent that it requests a pretrial proffer of proof from the government. Torres' motion to adopt the motions of his co-defendants is granted. In all other respects, Torres' pretrial motions are denied. Santillanes' pretrial motions are denied.

IT IS SO ORDERED.