**UNITED STATES of America, Plaintiff,**

v.

**Rufus SIMS, et al., Defendants.**

**No. 92 CR 166.**

United States District Court,
N.D. Illinois, E.D.

Sept. 28, 1992.

Scott T. Mendeloff and Sean B. Martin, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Michael Gregory Logan, Chicago, IL, for defendant Rufus Sims.

Daniel S. Alexander, Durkin, Foster, Roberts & Barrett, Chicago, IL, for defendant Donald Moore.

Robert G. Clarke, Chicago, IL, for defendant Michael Stevens.

Standish E. Willis, Chicago, IL, for defendant Delwin Langston.

Richard S. Jalovec, Richard S. Jalovec & Associates, and Linda Amdur, Chicago, IL, for defendant Dennis Gilliam.

Paul Augustus Wagner, Chicago, IL, for defendant William Burch.

Michael Gregory Logan, Chicago, IL, for defendant Timothy Henderson.

William J. Stevens, Chicago, IL, for defendant Darryl Young.

Paul Edward Paprocki, Chicago, IL, for defendant Joe Boyles.

Carl Peter Clavelli, Chicago, IL, for defendant Maurice Harmon.

Robert S. Bailey, Chicago, IL, for defendant Shawn Baker.

Richard A. Halprin, Chicago, IL, for defendant Eric Smith.

Keith Allan Spielfogel, Chicago, IL, for defendant Estella Sims.

Terence Patrick Gillespie and Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for defendant Andrea Thomas.

Herbert Louis Goldberg, Giovannini & Goldberg, and Sheldon Bart Nagelberg, Chicago, IL, for defendant Ruby Chambers.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

In this case, nineteen defendants are charged in a nineteen count indictment with various offenses including conspiracy to possess with intent to distribute heroin and cocaine, money "laundering", criminal racketeering and murder. In a Memorandum Opinion and Order dated September 17, 1992, the court addressed the motions to suppress evidence. 808 F.Supp. 596. This memorandum opinion addresses the remaining pretrial motions filed in this case.

## I. DEFENDANTS' PRETRIAL MOTIONS

A. Motion for Determination on Admissibility of Co–Conspirator's Statements and to Require Production of *Santiago* Memorandum

Defendant Delwin Langston's Motion for Determination on Admissibility of Co-conspirator's Statements and to Require Production of a *Santiago* Memorandum is denied as moot. The government has produced a *Santiago* proffer. The Determination on Admissibility of Co–Conspirator's Statements will be held in abeyance until the court has had adequate time to review the *Santiago* proffer.

B. Motion to Preserve Agents' Notes

■ Defendant Delwin Langston's Motion to Preserve Agents' Notes is denied as moot since the government has instructed the agents to preserve their notes. Government's Consolidated Response to Defendants' Pretrial Motions [hereinafter Government's Consolidated Response], at 5.

C. Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts as Evidence

Defendant Delwin Langston moves this court to require the government to provide notice of intention to use other crimes, wrongs or acts as evidence pursuant to 404(b) and 608(b). Insofar as the government has agreed to abide by the notice requirements of Rule 404(b),[1] the motion is

---

1. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, howev-

denied as moot. *See* Government's Consolidated Response, at 7. Rule 404(b) only requires a statement of the general nature of 404(b) evidence the government will seek to introduce. With respect to requests seeking information more specific than Rule 404(b) requires, Langston's motion is denied as overbroad. The purpose of the disclosure requirement is to "reduce surprise and promote early resolution on the issue of admissibility." FED.R.EVID. 404(b) advisory committee's note. It is not a tool for open ended discovery. *United States v. Swano*, No. 91 CR 477–02–03, 1992 WL 137588, *6, 1992 U.S.Dist. LEXIS 7554, *16 (N.D.Ill. June 1, 1992).

■ The defendant seeks production of the following information pursuant to Rule 404(b): the dates, times, places and persons involved in the specific crimes or acts; the statements of each participant; the documents which contain such evidence; and a statement of the issues to which the government believes such evidence may be relevant. The government objects to the specificity of the information sought by the defendant. The Senate Judiciary Committee "considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging document." FED. R.EVID. 404(b) advisory committee's note. Instead, the Advisory Committee "opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts." *Id.* No language in the rule or the Committee Notes supports the discovery of the type of specific information Langston seeks. Therefore, to the extent Langston requests notice beyond the requirements of 404(b), Langston's motion is denied.

■ Defendant Langston also seeks disclosure before trial of the government's intent to use "specific instances of conduct" or Rule 608(b) material.[2] Rule 608(b) restricts the use of specific instances of conduct of a witness to the cross-examination of that witness and even then at the discretion of the trial judge. FED.R.EVID. 608(b). Rule 12(d)(2) of the Federal Rules of Criminal Procedure allows the "defendant [to] request notice of the government's intention to use (*in its evidence in chief at trial*) any evidence which the defendant may be entitled to discover under Rule 16 subject to any relevant limitations in Rule 16." FED.R.CRIM.P. 12(d)(2) (emphasis added). By its terms, Rule 608(b) evidence may not be used by the government in its case-in-chief and therefore such evidence is not discoverable under Rule 12 of the Federal Rules of Criminal Procedure. *See United States v. Hartmann*, 958 F.2d 774, 789 n. 5 (7th Cir.1992) ("defendants are not entitled access to Rule 608(b) materials which are not discoverable under FED. R.CRIM.P. 16"); *United States v. Cerro*, 775 F.2d 908, 914–15 (7th Cir.1985); *United States v. Swano*, No. 91 CR 477–02–03, 1992 WL 137588, *6–7, 1992 U.S.Dist. LEXIS 7554, *16–17 (N.D.Ill. June 1, 1992); *United States v. Santillanes*, 728 F.Supp. 1358, 1360 (N.D.Ill.1990). Therefore, Langston's request for notice of the government's intent to use Rule 608(b) evidence is denied.

In summary, Langston's motion is denied in part as moot since the government has agreed to provide notice as required under Rule 404(b) and denied in part insofar as Langston requests information more specific than the notice the government is required to provide under Rule 404(b) and

er, be admissible for other purposes ... provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." FED. R.EVID. 404(b).

2. Rule 608(b) provides that "[s]pecific instances of conduct of a witness, for the purpose of attacking or supporting his credibility, other

than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

specific instances of conduct pursuant to Rule 608(b).

### D. Motion for a Bill of Particulars

■ Defendants Ruby Chambers and Estella Sims have each filed a Motion for a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. Chambers requests the dates, times and locations regarding counts of the indictment that relate to her. Estella Sims seeks the names of any witnesses the government intends to call to establish the allegations in the indictment pertaining to Sims along with the time, place, and persons present. The decision whether to grant a motion for a bill of particulars rests with the sound discretion of the trial court. *United States v. Glecier*, 923 F.2d 496 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 54, 116 L.Ed.2d 31 (1991).

■ Rule 7(f) authorizes the court to order the filing of a bill of particulars whenever the indictment fails to sufficiently apprise the defendant of the charges in the indictment so that the defendant can prepare an adequate defense. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). *See also Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927). A bill of particulars should be supplied:

> to clarify the nature of the offenses charged and the ultimate facts necessary to avoid surprise or double jeopardy. When more than that is requested, the request is in the nature of the demand for evidentiary detail. The government is not required to supply its evidence in advance of trial.

*United States v. Isaacs*, 347 F.Supp. 743, 762 (N.D.Ill.1972). Although the defendant is entitled to know the factual details surrounding the offense with which he or she is charged, the defendant is not entitled to know the details of how the offense will be proved. *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 54, 116 L.Ed.2d 31 (1991); *Kendall*, 665 F.2d at 135. The court has reviewed the indictment and finds that it contains sufficient information concerning the charges against the defendants to adequately inform them of the charges they face without the necessity of a bill of particulars. The indictment sets forth the time period of the offense, the enterprise, the locations of the charged acts, the names of the primary actors, and the methods, means and nature of the charged criminal activity. These factors obviate the need for a bill of particulars since the indictment provides adequate information concerning the charges against the defendant. *United States v. Glecier*, 923 F.2d at 502; *United States v. McAnderson*, 914 F.2d 934 (7th Cir.1990). Therefore, these motions are denied.

### E. Motion for Disclosure of Agreement, Promises, Payments or Other Consideration for Testimony or Cooperation of Government Witnesses

■ Defendant Ruby Chambers moved the court to enter an order directing the government to disclose all agreements, promises, payments, assistance with other court matters, leniency, plea agreements, grants of immunity, assistance with disposition of state prosecutions, fees or rewards pursuant to 18 U.S.C. § 3059 or otherwise with respect to any prospective government witness. Defendant Chambers argues that this information may be used to impeach the testimony of witnesses under the Federal Rules of Evidence 609(a) or Rule 611(b) or is otherwise discoverable pursuant to Federal Rules of Criminal Procedure 16. Chambers is essentially asking for *Giglio* information. The government has stated that it is aware of its responsibilities under *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Defendant's motion is therefore denied as moot.

### F. Motion for a List of Government Witnesses and to make Witnesses Available for Interviews

■ Defendants Ruby Chambers and Estella Sims have moved the court for an order requiring the government to produce a list of government witnesses and to make those witnesses available for interviews.

The government is not required to provide a defendant with a list of all prospective government witnesses.[3] *United States v. Braxton,* 877 F.2d 556, 560 (7th Cir.1989); *United States v. Napue,* 834 F.2d 1311, 1317 (7th Cir.1987); *United States v. Bouye,* 688 F.2d 471, 473–74 (7th Cir.1982) ("not even under Rule 16 is a defendant in a noncapital case entitled to lists of prospective government witnesses"). Nonetheless, a Federal District Court may require the government to produce its list of witnesses. *See United States v. Jackson,* 508 F.2d 1001, 1006–1008 (7th Cir.1975) (upholding an order for the government to produce its list of witnesses), *rev'd on other grounds,* 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986).

■ Chambers argues that a list of the witnesses the government intends to call is necessary for her to adequately prepare a defense. Brief in Support of Defendant's Motion for a List of Government Witnesses, at 2. However, as the government notes, Chambers will receive significant discovery relevant to the likely testimony of most of the government's witnesses when the government produces the *Giglio* and Jencks Act material, and the indictment provides enough information for Chambers to adequately prepare a defense. Government's Consolidated Response, at 10–11. Therefore, Chambers' Motion for a List of Government Witnesses is denied.

■ Sims argues that a list of government witnesses is integral to her right to effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution. Sims cites cases stating that adequate pretrial investigation and preparation includes the duty to interview the prosecution's witnesses. Defendant Sims' Memorandum in Support of Motion for Production of a List of Government Witnesses, at 2–5. See, e.g., *Crisp v. Duckworth,* 743 F.2d 580, 583–84 (7th Cir. 1984), *cert. denied,* 469 U.S. 1226, 105 S.Ct. 1221, 84 L.Ed.2d 361 (1985). The duty to interview the prosecution's witnesses, however, extends only to those witnesses known to defense counsel before trial. *See* Government's Consolidated Response, at 11–12. Although it is quite obviously prudent for defense counsel to interview government witnesses when they are accessible, it does not follow that defense counsel is *entitled* to a list of the government's witnesses. Sims' Motion for Production of a List of Government Witnesses is therefore denied.

## G. Motion for Discovery and Inspection

Defendants Ruby Chambers and Donald Moore have filed motions for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. The government has acknowledged its responsibility to provide discovery under Rule 16 and has complied with the requirements of the rule. Government's Consolidated Response, at 13.

■ In several discovery requests, Chambers and Moore seek discovery of material to which they are not entitled under Rule 16 or any other discovery provision. These include names and statements of individuals who have knowledge of the defendant or the case,[4] copies and the distribution list of any press release and photographs any government agency has prepared relating to the case, the criminal records of co-defendants,[5] the statements

---

**3.** To the extent the defendants' requests for witnesses seek disclosure of the identities of persons who can provide information favorable to the accused which is material to guilt, the government must furnish the defendant with the identities of these persons pursuant to *Brady. United States v. Villareal,* 752 F.Supp. 851, 852 (N.D.Ill.1991). The government has acknowledged its responsibilities under *Brady.*

**4.** It would be inapposite to require the government to disclose statements of persons who are not prospective witnesses when the government

is not even required to disclose statements or names of prospective witnesses. The government recognizes that the sole exception to this requirement would be with respect to any individual who might possess *Brady* information. Government's Consolidated Response, at 15–16.

**5.** The government has agreed to produce the criminal records of any government witness when it produces *Giglio* material. Government's Consolidated Response, at 17. The criminal records of co-defendants are not discoverable under Rule 16 which requires only that the

**614**

of co-defendants or unindicted co-conspirators,[6] and all documents or physical objects presented to the grand jury.[7] As to these requests, defendants' motions are denied.

Several other discovery requests are denied as moot since the government has agreed to comply or has already complied with them. The government has either agreed to produce or already produced a copy of the defendant's criminal history;[8] all materials in the possession of the government which are material to the preparation of the defense, which the government intends to use in its case-in-chief, or which were the defendant's property;[9] any photographs used to identify the defendant during the course of the investigation or at any other time;[10] all technical tests undertaken in the case pursuant to Rule 16(a)(1)(D);[11] and the criminal records of any government witnesses.[12]

■ Defendant Chambers also requests an order requiring the government to indicate whether any materials pursuant to Rule 16(a)(1) have been withheld under the belief that they do not fall within the rule. Defendant Moore requests that the government be ordered to turn over all disputed materials to the court for *in camera* review. "The prosecutor need not turn over all files so that defense counsel may search out exculpatory material; counsel must be satisfied with the representations of the prosecutor, fortified by judicial inspection in *close* cases." *United States v. Danovaro,* 877 F.2d 583, 589 (7th Cir.1989) (empha-

sis added). This court rejects the "Catch 22" argument that "the only way a state can prove its right not to turn over information is to turn over that information." *United States ex rel. Jones v. DeRobertis,* 766 F.2d 270, 274 (7th Cir.1985), *cert. denied,* 475 U.S. 1053, 106 S.Ct. 1280, 89 L.Ed.2d 587 (1986). The defendants' requests are therefore denied.

**H. Motion to Produce Evidence Favorable to the Defendant**

Defendants Ruby Chambers, Andrea Thomas and Donald Moore have each filed motions to produce evidence favorable to the defendant or *Brady* material. This motion is denied as moot since the government has indicated that it is aware of its obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The government is unaware of any *Brady* material at this time but promises to provide any exculpatory information that comes to the government's attention. Government's Consolidated Response, at 2.

■ To the extent that the defendants seek information not required by *Brady/Giglio,* their motions are denied. With respect to when the government must disclose exculpatory information, due process is satisfied "[a]s long as ultimate disclosure is made before it is too late for the defendants to make use of any benefits of the

government "furnish to the defendant ... the defendant's prior criminal record...." Fed. R.Crim.P. 16(a)(1)(B).

**6.** The plain language of Rule 16(a)(1)(A) pertains to the discovery of statements "made by the defendant." The rule does not mention and does not apply to the discovery of statements made by co-conspirators. *United States v. Roberts,* 811 F.2d 257, 259 (4th Cir.1987); *United States v. Bailey,* 689 F.Supp. 1463, 1470 (N.D.Ill. 1987). The court orders production of the requested statements only as required by the Jencks Act. 18 U.S.C. § 3500 (1985).

**7.** A defendant must demonstrate a particularized need for such disclosure especially for this kind of wholesale discovery request. *United States v. Procter & Gamble Co.,* 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958).

Chambers has not indicated any particular need; therefore this request is denied.

**8.** Government's Consolidated Response, at 14.

**9.** The government is aware of its responsibilities under Rule 16(a)(1)(C) requiring production of these materials and under *Giglio/Brady.* Government's Consolidated Response, at 14.

**10.** Government's Consolidated Response, at 19. The government cites Rule 16(b)(1)(D), but the court assumes Rule 16(a)(1)(D) was intended.

**11.** *Id.*

**12.** The government has stated that it will produce the criminal records of any government witness when it produces *Giglio* material. Government's Consolidated Response, at 17.

evidence...." *United States v. Ziperstein,* 601 F.2d 281, 291 (7th Cir.1979), *cert. denied,* 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980). *Brady* does not require pretrial disclosure. *Id.* With respect to whether the items requested must be disclosed, *Brady* requires disclosure of evidence material to guilt or punishment and *Giglio* requires disclosure of evidence tending to impeach a government witness that is material to the outcome of the trial. *United States v. Quintanilla,* 760 F.Supp. 687, 696 (N.D.Ill.1991). "Evidence is 'material' if there is a reasonable probability that its disclosure would change the outcome of the trial." *Id., citing United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). To the extent disclosure would be premature and the information requested by the defendants is not material, the defendant's motions are denied. The court will address several specific requests individually.

### 1. *Communications Not Concerning the Defendant:*

 Defendant Thomas requests that the government identify "each communication of an informant/witness concerning this investigation which indicated that the defendant was not involved in criminal activity." The government objects to this request as overbroad. The government argues that since the indictment alleges many multi-faceted factual settings and events involving only subsets of defendants, the failure of a particular informant/witness to mention a particular defendant in relation to any given criminal conduct is not necessarily relevant or significant. Government's Consolidated Response, at 3. Thomas' request is too general. In *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court adopted a different test for materiality of the evidence required to be disclosed pursuant to *Brady* depending on whether the request is specific or general. *Id.* at 106, 96 S.Ct. at 2398. In *Jones v. Jago,* the court held that the "statement of an eyewitness to a crime which makes no reference even to the presence of the defendant or his participation must be viewed

as a potentially powerful exculpation." 575 F.2d 1164, 1168 (6th Cir.), *cert. denied,* 439 U.S. 883, 99 S.Ct. 223, 58 L.Ed.2d 196 (1978). In *Jones,* however, the defense requested specific information. *Id.* Since Thomas made a general request for any communication of any informant or witness that did not mention Thomas, the evidence must be disclosed only if "obviously exculpatory" or if "the omitted evidence would create a reasonable doubt" as to the defendant's guilt. *Agurs,* 427 U.S. at 107–113, 96 S.Ct. at 2399–2402; *Wagster v. Overberg,* 560 F.2d 735, 739 (6th Cir.1977). Thomas' request, therefore, is denied as moot since the government has indicated that it will turn over any *Brady* evidence.

### 2. *Potential Liabilities:*

 Defendant Thomas requests that the government identify each communication relating to each "potential liability" relating to promises of leniency or favorable treatment "of which the prosecution is aware but for which the prosecution has made no formal or informal, direct or indirect promise." Since this request is vague and beyond the ambit of *Brady/Giglio,* Thomas' motion is denied.

### 3. *Informant Information:*

 Defendants Thomas and Moore request that the government identify each document and communication which relates to any type of informant status of each potential witness and make government informants available for pre-trial interviews. The government objects to this request. Government's Consolidated Response, at 4. The Supreme Court in *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), established a balancing test for revealing the identity of confidential informants which requires the court to consider both the informer's privilege and the defendant's interest in advancing his case. The purpose of the informer's privilege "is the furtherance and protection of the public interest in effective law enforcement." *Dole v. Local 1942, IBEW, AFL–CIO,* 870 F.2d 368, 372 (7th Cir.1989). The party opposing the privilege bears the burden of

demonstrating that "the identification of the informant ... is essential to a balanced measure of the issues and the fair administration of justice." *Id.* "The privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Id.* at 373 (citations omitted). Thomas and Moore fail to provide any particularized reason to overcome the qualified privilege; therefore these requests are denied.[13]

### 4. *Polygraph Examinations:*

Thomas' request for materials relating to polygraph examinations is denied as moot since no polygraph examinations have been performed in this case. Government's Consolidated Response, at 4.

### 5. *Non–Witnesses With Knowledge:*

 Defendant Thomas has requested that the government identify "each person known to the prosecution, as shown by its files, who has some knowledge about this investigation and indictment, but who will not be called to testify and identify each communication and document relating to such person." The government objects to this request. Since the government is not required to provide a defendant with a list of all prospective government witnesses, it would be inapposite to require the government to produce statements of "prospective" witnesses or individuals who will not be called as witnesses. *See United States v. Braxton,* 877 F.2d 556, 560 (7th Cir.1989). Furthermore, district courts have no authority to order pretrial disclosure of material embraced by the Jencks Act, 18 U.S.C. § 3500. *See United States v. Harris,* 542 F.2d 1283, 1296 (7th Cir. 1976), *cert. denied, Clay v. United States,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977); *United States v. Feinberg,* 502 F.2d 1180, 1182–83 (7th Cir.1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975).[14]

### I. Motion to Bar Testimony and Use of Evidence Not Tendered Pursuant to 2.04 Conference

 Defendant Ruby Chambers has filed a motion to bar testimony and use of evidence not tendered pursuant to the 2.04 conference. The government objects to this motion. The government argues that although it intends to comply fully with the items agreed to during the 2.04 conference, any unintentional omissions should not automatically result in suppression of that proof. *See* Government's Consolidated Response, at 13. Local Criminal Rule 2.04(c) is "designed to ensure that the court does not waste valuable judicial time by ruling on matters that are not in actual dispute between the government and the defendant." *United States v. Suchan,* 1987 WL 33186, \*1, 1987 U.S.Dist. LEXIS 12329, \*1 (December 11, 1987). This purpose would not be served by granting the defendant's motion.

Furthermore, Rule 16(d)(2) of the Federal Rules of Criminal Procedures provides remedies for the government's failure to comply with its duty under Rule 16. According to that provision, the court may "permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." FED.R.CRIM.P. 16(d)(2). *See also United States v. Caudill,* 915 F.2d 294, 299 (7th Cir.1990). Although Local Criminal Rule 2.04 does not contain a remedy provision, this court believes that violations should be dealt with in the same manner since the rules are similar. In the event of a discovery violation, the court will assess the circumstances to determine the proper treatment of the admissibility of the proof in question.

### J. Motion for Leave to file additional pretrial motions

Defendants Ruby Chambers and Donald Moore have filed motions for leave to file

---

**13.** The government need only identify these witnesses and their statements to the extent required by the Jencks Act.

**14.** The only exception would be information about any individual who might possess *Brady* information.

additional pre-trial motions. Rule 12(f) of the Federal Rules of Criminal Procedure provides that "[f]ailure by a party ... to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), ... shall constitute waiver thereof, but the court for cause shown may grant relief from waiver." FED.R.CRIM.P. 12(f). In the event that additional motions become necessary and a defendant makes the requisite showing under Rule 12(f), the court will entertain such a motion at that juncture. Therefore these motions are denied.

### K. Motion for early return of trial subpoenas

Defendant Andrea Thomas has filed a motion for early return of trial subpoenas pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure and the Sixth Amendment of the United States Constitution. The government does not object so long as the order permitting early return grants reciprocal leave to the government to obtain early return on its trial subpoenas. Government's Consolidated Response, at 1. The motion for early return of trial subpoenas is granted, and this order shall be reciprocal.

### L. Motion for Severance

 Defendant Andrea Thomas moves the court to enter an order severing her from the present indictment pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure. In support of this motion, Thomas argues that she is named as a defendant in only four out of nineteen counts in the indictment and that she played a relatively minor role in the drug conspiracy. Thomas summarizes her indictments as alleging that she "concealed assets, obtained cash, committed money laundering offenses and purchased material items with the alleged proceeds of the drug distribution operation." Memorandum of Law in Support of Motion for Severance, at 2 [hereinafter "Severance Memorandum"]. Other counts in the indictment not naming Thomas include RICO violations, acts of drug dealing, and murder.

First, the court must determine whether Thomas participated in the same series of acts or transactions constituting the offenses named in the indictment. Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

FED.R.CRIM.P. 8(b). Thomas argues that her joinder in the present indictment violates Rule 8(b) since she is not alleged to have known about or participated in the RICO enterprise, the extensive drug distribution operation, the alleged murder or the serious beatings. Severance Memorandum, at 4.

The "mere fact that two conspiracies have overlapping memberships will not authorize a single indictment if the conspiracies cannot be tied together into one conspiracy, one common plan or scheme." *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir.1985), *cert. denied*, 475 U.S. 1021, 106 S.Ct. 1211, 89 L.Ed.2d 323 (1986). Thomas argues that she was a member only of a "smaller alleged conspiracy, pertaining to acts of money laundering." Severance Memorandum, at 5. But an indictment "need not charge a single overarching conspiracy, provided the separate conspiracies it charges arise from a common plan or scheme and so could alternatively have been charged as a single conspiracy." *Velasquez*, 772 F.2d at 1353. Thomas' "money laundering" is related to the RICO enterprise and drug distribution operation in that Thomas dealt with the proceeds of those operations so as to conceal the existence of and further the central conspiracy. Since the indictment sufficiently establishes "a common plan or scheme," joinder is proper pursuant to Rule 8(b).

 Second, the court must determine whether Thomas should be severed pursu-

ant to Rule 14 of the Federal Rules of Criminal Procedure. Thomas argues that the obvious difference between the character of the evidence against her vis-a-vis the evidence against the other defendants warrants severance pursuant to Rule 14. Severance Memorandum, at 6. Rule 14 of the Federal Rules of Criminal Procedure provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever relief justice requires.

FED.R.CRIM.P. 14. Thomas argues that her indictment, essentially consisting of money laundering-related offenses, differs significantly from the evidence against the other defendants, which includes drug distribution, murder, assault and weapons possession such that she will be prejudiced by association with her co-defendants if her case is not severed. Severance Memorandum, at 6.

In *United States v. Caliendo*, 910 F.2d 429 (7th Cir.1990), the Seventh Circuit considered and rejected a similar "disparity of evidence" argument. Like Thomas, one of the defendants in *Caliendo* argued "that the 'disparity of the evidence' presented against her as compared to her codefendants and the violent nature of the evidence presented solely against her codefendants prejudiced the jury against her." *Id.* at 437. In affirming the district court's denial of her motion for severance, the court stated that mere "disparity in the evidence" does not support severance. *Id.* at 438. *See also United States v. Hedman*, 630 F.2d 1184, 1200 (7th Cir.1980) (rejecting defendant's claim that since he was charged in only two of the nineteen counts in the indictment, he was prejudiced by the disparity of the evidence against him and the evidence against his co-defendants), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981). Thomas' arguments should be rejected for the same reasons.

■ Furthermore, the Seventh Circuit recognizes a strong interest in conducting joint trials for persons who have been jointly indicted. *United States v. Zafiro*, 945 F.2d 881, 885 (7th Cir.1991), *cert. granted*, —— U.S. ——, 112 S.Ct. 1472, 117 L.Ed.2d 617 (1992); *United States v. Gonzalez*, 933 F.2d 417, 425 (7th Cir.1991); *United States v. Studley*, 892 F.2d 518, 523 (7th Cir.1989). This presumption applies with great force where the indictment charges a conspiracy. *Caliendo*, 910 F.2d at 437 (citations omitted); *United States v. Percival*, 756 F.2d 600, 610 (7th Cir.1985). The rationale supporting this preference was summarized in *United States v. Buljubasic*:

> There is a strong interest in joint trials of those who engaged in a common enterprise. Joint trials reduce the expenditure of judicial and prosecutorial time; they reduce the claims the criminal justice system makes on witnesses, who need not return to court for additional trials; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague, even though one or the other (or both) undoubtedly committed a crime. The joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.

808 F.2d 1260, 1263 (7th Cir.), *cert. denied*, 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987) (citations omitted). Ordinarily when a group of people are charged with participating in the same crime, they are tried together even though the evidence is stronger against one or some than against others. *United States v. Velasquez*, 772 F.2d at 1352. "The danger of prejudice to the least guilty, or perhaps prejudice to all from the sheer confusion of a multidefendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *Id.* Finally, the court will instruct the jury to give separate consideration to each defendant and to separate each charge against each defendant. *See*

*Caliendo*, 910 F.2d at 438; *Studley*, 892 F.2d at 524.

Accordingly, the court denies Thomas' Motion for Severance as not warranted under Rules 14 and 8(b) of the Federal Rules of Criminal Procedure.

## II. GOVERNMENT'S PRETRIAL MOTIONS

### A. Motion for Reciprocal Discovery

The government moves the court to enter an order pursuant to Federal Rules of Criminal Procedure 16(b)(1)(A) and (B) requiring defendants to "make immediately available for inspection by the government: (1) all photographs, books, papers, documents, intangible objects, including tape recordings, which are within the possession, custody, and control of the defendants and their counsel and which they intend to introduce as evidence in their case-in-chief at trial; and (2) any result or report of physical or mental examination and scientific test or experiment made in connection with this case, which is within the possession or control of the defendants and their counsel and which they intent [sic] to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendants intent [sic] to call at trial." Government's Consolidated Response, at 28. The disclosures requested are specifically covered by Federal Rules of Criminal Procedure 16 and Local Criminal Rule 2.04. Therefore, the government's motion is granted.

### B. Motion for Production of Defense Witness Statements Under Federal Rules of Criminal Procedure 26.2

The government, pursuant to Federal Rule of Criminal Procedure 26.2(a), moves this court "to enter an order requiring defendants to produce any statement of defense witnesses in the possession of the defense and relating to the subject matter of the anticipated testimony of that witness 10 days prior to trial, the time which the government has agreed to turn over Jencks Act witness statements." Since the government has agreed to produce its witnesses' statements 10 days prior to trial in the interest of the speedy administration of

justice and defendants did not object to the government's motion, the defendants are ordered to produce the statements of witnesses other than the defendants who will testify on direct examination *before* trial. The government's motion for pretrial discovery of Rule 26.2 statements is therefore granted.

## III. CONCLUSION

In summary, defendant Langston's motion to require production of *Santiago* memorandum is denied as moot since the government has already proffered one. Similarly, Langston's motions to preserve agents' notes and to require notice of intention to use other crimes, wrongs or acts as evidence under 404(b) are denied as moot. To the extent Langston requests notice more specific than required by 404(b) or notice of intent to use specific instances of conduct pursuant to 608(b), the motion is denied. The motions filed by Chambers and Sims for a bill of particulars are denied since both defendants are sufficiently apprised of the charges against them by the specific indictment and other discovery. Defendant Chambers' motion for disclosure of *Giglio* information is denied as moot since the government has acknowledged its responsibility to produce *Giglio* material. The motions for a list of government witnesses filed by Chambers and Sims are denied because defendants are not entitled to such lists. Motions of Chambers and Moore for discovery and inspection are denied in part as moot and in part as overbroad. Chambers' motion for suppression of evidence not tendered as agreed at the conference held pursuant to Local Criminal Rule 2.04 is denied. Chambers' and Moore's motions for leave to file additional pretrial motions are denied. Thomas' motion for severance is denied as unwarranted pursuant to Federal Rules of Criminal Procedure 8(b) and 14. Thomas' motion for early return of trial subpoenas is granted, provided however that this order shall be reciprocal in fairness to the government. Motions filed by Chambers, Thomas and Moore to require disclosure of material exculpatory evidence pursuant to *Brady* are

denied as moot, since the government has promised to disclose any *Brady* material as it becomes available. Finally, the government's motions for pretrial production of defense witness statements pursuant to Federal Rules of Criminal Procedure 26.2 and for reciprocal discovery under Federal Rules of Criminal Procedure 16(b)(1) are granted.