UNITED STATES of America, Plaintiff,

v.

James RUSIN, Defendant.

No. 95 CR 86.

United States District Court,
N.D. Illinois,
Eastern Division.

April 20, 1995.

Matthew F. Kennelly, Cotsirilos, Stephenson, Tighe & Streicker, Chicago, IL, for defendant James Rusin.

Brian W. Blanchard, U.S. Atty., Chicago, IL, for plaintiff.

**MEMORANDUM OPINION AND ORDER**

BUCKLO, District Judge.

Defendant, James Rusin ("Mr. Rusin"), moves for an order requiring the government

to provide him with specific notice of FED. R.EVID. 404(b) evidence no less than 60 days prior to trial. Mr. Rusin is charged with theft of government funds in two transactions that allegedly took place in 1990. Mr. Rusin says the government has produced an investigative report indicating there were additional incidents in 1989 and 1990. Each of these incidents involved sales of property by the Department of Veterans Affairs. Mr. Rusin was a real estate broker.

The government acknowledges its obligation to provide general notice of Rule 404(b) evidence, but objects to the timing and the degree of specificity sought by Mr. Rusin. The government seeks an order requiring it to provide general notice of Rule 404(b) evidence two weeks before trial.

FED.R.EVID. 404(b) requires *"reasonable notice ... of the general nature of any such evidence [the prosecution] intends to introduce at trial."* (emphasis added) With respect to time, the advisory note to Rule 404(b) states that "[o]ther than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." Even if the events at issue in the present case took place five or six years ago, sixty days' notice seems unnecessary in light of the government's representations that defendant and his counsel have been aware of the ongoing criminal investigation, that the parties have been discussing the matters which will be the subject of the trial, and that there is an "open file" discovery policy in the present case. *See* Response, pp. 2–3; *United States v. French,* 974 F.2d 687, 695 (6th Cir.1992) (admission of Rule 404(b) evidence disclosed to defense counsel only one week before trial held not an abuse of discretion); *United States v. Kern,* 12 F.3d 122, 124 (8th Cir. 1993) (fourteen days' notice of government's intent to use Rule 404(b) evidence held reasonable; seven days' notice held reasonable where government lacked evidence before that date); Fla.Stat.Ann. § 90.404(2)(b) (notice must be given at least ten days before trial). On the other hand, a defendant is entitled to the amount of notice reasonably necessary to prepare for trial. *See* FED.

R.EVID. 404(b). Mr. Rusin argues that he will need time to investigate any transaction identified by the government, in particular, time to locate witnesses, and that the time agreed to by the government would not provide him with sufficient time before trial. I agree that Mr. Rusin should be given some additional time.

With respect to the form of notice, the advisory note to Rule 404(b) states that "no specific form of notice is required .... the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts." In this case, the defendant seeks dates, places, and persons involved in the specific acts, documents that pertain to the acts, a statement of the issues to which the government believes such evidence may be relevant, and "a reasonably specific identification of the means and methods of any unindicted acts that the government will seek to prove at trial." This degree of specificity is clearly beyond the scope of disclosure required by Rule 404(b). *See United States v. Sims,* 808 F.Supp. 607, 611 (N.D.Ill.1992) (defendant's request for the same specific Rule 404(b) information denied; only general notice required).

Accordingly, the government will be ordered to disclose relevant Rule 404(b) evidence, in a general form, no less than 35 days prior to trial.