**UNITED STATES**

v.

**Terrell COGGS.**

**No. 90 CR 534.**

United States District Court,
N.D. Illinois, E.D.

Dec. 19, 1990.

Fred Foreman, U.S. Atty. by William V. Gallo, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Terence F. MacCarthy, Federal Defender Program by Mary M. Rowland, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

This order addresses defendant Terrell Coggs' various pre-trial motions. Notwithstanding the government's statements to the contrary, defendant's motions were timely.

### I. *Motion for Disclosure of Exculpatory Evidence*

The information requested by defendant generally falls under the category of materials which must be provided to a defendant pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). *See Defendant's Motion for Disclosure of Exculpatory Evidence* at ¶¶ 3,

6, 14. The government indicates that it has already provided material of this nature and promises to continue to abide by its disclosure obligations.

■ Defendant makes fourteen specific discovery requests. His fifth request, which essentially asks the government to disclose a list of potential witnesses, is denied. "The law is clear ... that the Constitution does not require that a defendant in a noncapital case be provided with a list of all prospective government witnesses." *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir.1987). As the government need not provide a defendant with a list of witnesses, the government is certainly not obliged to comply with the less weighty request of providing defendant with a list of people who the government has interviewed.

■ As for defendant's additional requests which seek the names and statements of certain individuals, the government is required under *Brady* to disclose information favorable to the accused where that evidence is material to guilt. Should the information delineated in defendant's first and second requests constitute *Brady* material, the government must disclose such information. Those portions of defendant's requests which go further than *Brady* need not be disclosed.

■ Defendant's remaining requests seek impeachment evidence pertaining to witnesses and non-witnesses. Impeachment evidence for government witnesses must be disclosed pursuant to *Giglio* and the Jencks Act, 18 U.S.C. § 3500. Defendant's fourth, seventh, eighth, and twelfth requests that point to statements by potential government witnesses, plea agreements, monies paid to witnesses, and witness assistance by government agents fall within these disclosure requirements. However, information pertaining to past illegal acts, criminal histories, or pending criminal charges of potential witnesses reaches beyond the requirements. *United States v. Dominguez*, 131 F.R.D. 556, 558 (N.D.Ill.1990). Accordingly, the government is under no obligation to comply with defendant's tenth, eleventh, and thirteenth requests.

■ Nor will the government be required to disclose impeachment evidence impacting non-witnesses. Requiring that the government provide impeachment evidence for non-witnesses will not further the interest sought to be served by *Giglio*—allowing for a meaningful determination of witness credibility.

■ With regard to impeachment evidence that must be provided, the government is under no obligation to provide impeachment evidence before trial. However, in order to ensure a fair and speedy trial, this court orders the government to disclose all such information by January 11, 1991, three days before trial.

### II. Motion to Preserve Agent's Notes

In addition, defendant asks that all government agents and investigative personnel be required to retain and preserve all notes made during the course of investigation. The government raises no objection to this motion. In fact, the government indicates that it has already taken measures to ensure that agents preserve their notes. Defendant's motion, therefore, is moot.