UNITED STATES of America, Plaintiff,

v.

Rodolfo Pena VILLAREAL, Defendant.

No. 90 CR 857-2.

United States District Court,
N.D. Illinois, E.D.

Jan. 3, 1991.

Fred Foreman, U.S. Atty. by Julia E. Getzels, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Robert E. Gordon, Gordon & Gordon, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Defendant Villareal presents this court with a far-flung discovery motion. Indeed, the court suspects that defendant has forgotten what court he addresses as his motion makes reference to the "State" and the Illinois Supreme Court Rules. Defendant is in federal court. To the extent that his discovery requests embrace matters that should be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) and Fed.Rule Crim.P. 16, the government is directed to provide this information. However, the government is not obligated to comply with those portions of defendant's requests which exceed the requirements of Rule 16 or these cases.

### I. Bill of Particulars

In his first request, Villareal asks for a bill of particulars. A bill of particulars is designed to inform a defendant of the elements of the charges against him in order that he may prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). If the indictment or subsequent discovery provides such information, a bill of particulars may be unnecessary. *United States v. Marquez*, 686 F.Supp. 1354, 1361 (N.D.Ill. 1988). Villareal is charged with counts of conspiracy and narcotics distribution. The indictment brought against him details the dates, the locations, and the physical descriptions of the places connected with the narcotics transaction. The indictment also specifies the amount and value of the narcotics involved in the transaction. The information in the indictment is supplemented by discovery materials, including surveillance reports, reports of undercover conversations and audio and video tapes of those conversations, that the government has already provided. In light of the specific details provided by the indictment and discovery materials, the court finds no need for a bill of particulars.

### II. List of Witnesses

In requests two, three, thirteen and nineteen, defendant calls for lists of witnesses. The government is under no obligation to provide a defendant with a list of potential government witnesses in non-capital cases. *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir.1987). However, to the extent that defendant's requests for witnesses seek disclosure of the identities of persons who can provide information favorable to the accused which is material to guilt, the government, pursuant to *Brady*, must furnish the defendant with the identities of these persons.

■ As for statements by government witnesses that qualify as impeachment materials, the government is under no obligation to disclose this information before trial. Further, the government is under no obligation at any time to provide impeachment evidence for non-witnesses.

### III. Informers' Identities

■ The exception to the rule that the identities of persons involved in an investigation be disclosed is the identity of informers. Villareal asks for such disclosure in request twenty. Disclosure of informers' identities involves balancing a defendant's need to prepare an effective defense against law enforcement's and the public's need to protect the identity of informants. *Roviaro v. United States*, 353 U.S. 53, 59–62, 77 S.Ct. 623, 627–29, 1 L.Ed.2d 639 (1957). For that reason, "the defendant must demonstrate a genuine need for the informant's identity before the court requires disclosure." *United States v. Padilla*, 744 F.Supp. 1425, 1426 (N.D.Ill.1990). Villareal provides no support for the conclusion that he has a genuine need for informers' identities. In any event, should informants be called to testify, he will be made aware of their identities at trial. Request twenty is denied.

### IV. Statements of Defendant and Co-defendants

Statements by the defendant and any co-defendants are the subject of request four. Under Fed.R.Crim.P. 16(a)(1)(A), the government is required to disclose the content of statements made by the accused. The government indicates that Villareal has already been provided with his statements. The government also notes that Villareal has been supplied with audio and video tapes that contain statements of his codefendant. Therefore, the government is only directed to produce any remaining statements in its possession which fall under the auspices of *Brady*.

### V. Grand Jury Transcripts

In request five, Villareal seeks Grand Jury Minutes. Since Villareal did not testify before the grand jury, that portion of his request which seeks the transcript of his testimony is rendered moot. The government need not provide grand jury transcripts of government witnesses until trial. *See* 18 U.S.C. § 3500. The government has indicated that it will furnish any existing transcripts at that time.

### VI. Lists of Physical Objects

■ Requests six and eight involve discovery of physical objects. Defendant Villareal may inspect, copy or photograph physical objects within the possession of the government which are material to his defense, which were obtained from him, or which the government intends to use in its case-in-chief. Fed.R.Crim.P. 16(a)(1)(C). Defendant, though, seeks additional information with respect to the objects, as well as a list of the government's exhibits. These requests exceed the requirements Rule 16(a), and consequently, the government is not obliged to disclose this information. The government is only required to make the physical objects available for inspection or copying.

### VII. Experts' Reports

Villareal seeks experts' reports in requests seven and sixteen. The government asserts that it has already provided Villareal with the only expert report in this case— the laboratory report analyzing the narcotics. The government agrees that it remains under a continuing obligation to provide defendant Villareal with any additional reports as they become available.

### VIII. Prior or Pending Actions against Witnesses

■ Defendant's requests nine and ten ask for information about prior criminal actions or pending criminal and/or civil actions against witnesses. These requests go beyond the parameters of the impeachment evidence which must be disclosed under *Giglio* and 18 U.S.C. § 3500. *United States v. Coggs*, 752 F.Supp. 848 (N.D.Ill. 1990). The government is not obligated to provide this information.

**854**

## IX. Use of Defendant's Conviction or Prior Acts

According to the government, defendant has no prior convictions. And, the government has indicated that it does not intend to use evidence of prior similar acts at trial. Accordingly, notification, as set forth in defendant's requests eleven and twelve, is not required at this time. Should information of convictions come to light or the government's position on prior acts change, the government must provide defendant with the information as well as notification of use.

## X. Electronic Surveillance

Villareal seeks notification of electronic surveillance in request seventeen. The government indicates that it has already informed defendant Villareal of the entirety of electronic surveillance that occurred in his case. In fact, the government has made available to defendant the audio and video tapes which were the results of that surveillance. This request, therefore, is moot.

## XI. Evidence Acquired through Execution of Legal Process

The court concurs in the government's interpretation of request eighteen as a request for information pertaining to search warrants that may have been executed. As the government represents that no search warrant was executed with respect to this defendant and that the fruits of any search executed against a co-defendant will not be used against Villareal, the request is denied.

## XII. Other

In requests fourteen and fifteen, defendant essentially seeks *Brady* materials. The government is under a continuing obligation to provide this and other information falling under the requirements of *Brady*, *Giglio*, and Fed.R.Crim.P. 16 as it comes to light.

IT IS SO ORDERED.