UNITED STATES of America, Plaintiff,

v.

Christopher R. MESSINO, Clement A. Messino, Michael Homerding, Donald Southern, William Underwood, Christopher B. Messino, Blaise Messino, Paul Messino, Thomas Hauck, Gary Chrystall, Daniel Shoemaker, and Lawrence Thomas, Defendants.

No. 93 CR 294.

United States District Court,
N.D. Illinois,
Eastern Division.

June 24, 1994.

L. Felipe Sanchez, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for Christopher R. Messino.

Douglas P. Roller, Roller & Associates, Naperville, IL, for Clement A. Messino.

Linda Amdur, Chicago, IL, for Michael Homerding.

Robert A. Loeb, Chicago, IL, for Donald Southern.

Edward Marvin Genson, Genson, Steinback & Gillespie, Chicago, IL, for William Underwood.

Thomas Michael Breen, Martin, Breen & Merrick and Gerardo Solon Gutierrez, Chicago, IL, for Christopher B. Messino.

John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, for Blaise Messino.

Joseph R. Lopez, Joseph R. Lopez, P.C., Chicago, IL, for Paul Messino.

Luis M. Galvan, Federal Defender Program, and Dennis P.W. Johnson, Walter Jones, Jr., and Jorge V. Cazares, Pugh, Jones & Johnson, P.C., Chicago, IL, for Thomas Hauck.

Edna Selan Epstein, Law Offices of Edna Selan Epstein, Chicago, IL, for Gray Chrystall.

Leland Edward Shalgos, Chicago, IL, for Daniel Shoemaker.

Steven Allen Greenberg, Steve A. Greenberg, Ltd., Chicago, IL, for Lawrence Thomas.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are the pending pretrial motions of defendants. Many of the various motions are similar, if not identical, and so where appropriate the court will group its treatment of the motions. The court has previously described the contents of the Superseding Indictment in detail, and incorporates that discussion herein. *See United States v. Messino*, 852 F.Supp. 652, 653–55 (N.D.Ill.1994).

### 1. *Defendant Christopher Richard Messino's Motion to Suppress*

■ Christopher Richard Messino seeks to have suppressed certain physical evidence seized and removed from said defendant's Blue Island, Illinois, home pursuant to a warrant of seizure and monition, obtained *ex parte* pursuant to a civil forfeiture proceeding. Defendant's theory is that the government did not afford defendant or any other interested party an opportunity to be heard before this seizure of his home and personal property, and that under the Supreme Court's recent decision in *United States v. James Daniel Good Real Property*, —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), the seizure upon *ex parte* warrant was illegal and the fruits thereof must be excluded. The government has asked for a hearing on this issue.

The government takes the position that any illegalities in the civil forfeiture proceeding cannot affect these criminal proceedings. Such a *per se* rule would seem to conflict with the general premise of exclusion. Illegal procedures that lead to exclusion of evidence are not always directly linked, at the time of the procedure, to the case number at which exclusion occurs.

The government also raises retroactivity of *James Daniel Good.* This is a bit of a misnomer. The real retroactivity-type issue may be whether a good faith exception may be applied, based upon the state of the law pre-*James Daniel Good* and the facts surrounding the seizure at issue here. *Cf. United States v. Leon*, 468 U.S. 897, 918–21, 104 S.Ct. 3405, 3418–19, 82 L.Ed.2d 677 (1984).

But the government is at least right that a straight line cannot be drawn from a violation of *James Daniel Good* to exclusion here. Therefore the motion cannot be resolved on the submitted papers, and further proceedings will be necessary.

Accordingly, Defendant Christopher Richard Messino's Motion to Suppress is referred to the magistrate judge for a hearing and report and recommendation.

### 2. Defendant Clement Messino's Motion to Suppress Illegally Seized Evidence

Defendant Clement Messino's motion to suppress concerns evidence that was seized incident to or at an inventory after Clement Messino's arrest by the Chicago Police Department on a weapons charge. A Cook County, Illinois, judge found the arrest lacked probable cause, and now defendant seeks to suppress evidence recovered either incident to or at an inventory after Clement Messino's arrest. The evidence involved is a handgun and a notebook.

As far as the handgun is concerned, the government "does not intend" to use it. (Government's Consolidated Response to Defendants' Pretrial Motions ("Government's Consolidated Response") at 43, n. 3.) The court therefore will not explore Fourth Amendment issues regarding this piece of evidence, since no one appears interested in showing it to the trier of fact. Concerning the handgun, defendant's motion is denied as moot.

As far as the notebook is concerned, it is apparent from the briefing on the motion that resolution of the notebook's admissibility (as well as any implications of their being any tainted fruit from the notebook) revolves in part around determining the true nature of the seizure. The government's primary defense as regards the notebook is that regardless of the legality of the arrest, the notebook was seized pursuant to an inventory that had independent legality because the car was parked in a tow zone. A full airing of the facts here will require a hearing, since the court does not find defendant in explicit agreement with the government's version based on the pleadings. Concerning the notebook and related tainted evidence issues, defendant's motion is referred to the magistrate judge for a hearing and report and recommendation.

### 3. Motions to Dismiss Indictment Based on Tainted Grand Jury

Defendants Christopher Richard Messino, William Underwood and Michael Homerding have moved to dismiss the indictment and requested discovery and a hearing.

Defendants' theory concerns a taint on the Special October 1992–I Grand Jury, the grand jury that indicted them, stemming from facts underlying the conviction of grand juror Robert Girardi, a member of the grand jury. *See United States v. Coffey*, 854 F.Supp. 520, (1994). Mr. Girardi breached the secrecy of grand jury proceedings by leaking information to a defendant up for indictment before the grand jury. In *Coffey*, Judge Plunkett analyzed the propriety of dismissing the indictment as against codefendants of the recipient of leaks and concluded that those codefendants could not secure dismissal of their indictments based on the tainting.

A district court generally "may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988) (applying FED. R.CRIM.P. 52(a)); *cf. Ortiz–Salas v. I.N.S.*, 992 F.2d 105, 107 (7th Cir.1993). An exception will apply where "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair." *Bank of Nova Scotia*, 487 U.S. at 257, 108 S.Ct. at 2374.

Here, the prejudice theory does not apply to defendants because there is no allegation that the grand jury improprieties affected the moving defendants or any of their codefendants. Defendants have no theory as to how the improprieties affected them. In *Coffey*, Judge Plunkett concluded that "there is no indication that Girardi's conduct affected the grand jury's decision to indict in any way." *Coffey*, 854 F.Supp. at 523. That

conclusion is easier to reach here where the defendants at issue were farther away from Girardi's improprieties.

Two other judges of this district facing situations similar to that which this court faces—whether some general taint of the grand jury will disqualify indictments other than the *Coffey* indictment—have refused to dismiss the indictments before them. Those judges have followed a line of reasoning similar to this court's and Judge Plunkett's. *See United States v. Li,* 856 F.Supp. 411, 415–16 (N.D.Ill.1994) (Hart, J.); *United States v. Mebust,* 857 F.Supp. 609, 617 (N.D.Ill.1994) (Williams, J.). In *Li,* Judge Hart found there was "no evidence that the indictment returned in the present case has been subjected to outside influence or that the secrecy of the proceedings in this case were ever violated." *Li,* 856 F.Supp. at 415. The court's *in camera* inspection of documents related to the grand jury investigation persuades the court no prejudice can be established here. There are indications that secrecy was breached in this case, but not that prejudice was suffered or, turning to the other avenue for dismissal, that a structural defect permeated the grand jury. *See Coffey,* 854 F.Supp. at 522–23.

Recently, another judge of this district has taken a different tack regarding another indictment from this grand jury. *See United States v. Lamantia,* 856 F.Supp. 424 (N.D.Ill. 1994) (Duff, J.) (attached as Exhibit A to Government's Supplemental Consolidated Response to Defendants' Motions to Dismiss Indictment). In *Lamantia,* Judge Duff concluded that the structural defects so tainted the grand jury process as to require dismissal of the indictment on due process grounds. Judge Duff's *in camera* examination of materials lead him to conclude that actual prejudice may have been suffered by the defendants before him, *id.* at 429, a conclusion this court does not reach here based on its *in camera* inspection. Therefore, while the thrust of Judge Duff's opinion concerned structural harms, there may also be factual distinctions between the *Lamantia* case and this one.

Accordingly, Defendants Christopher Richard Messino and William Underwood's Motion to Dismiss and Request for Discovery and Hearing is denied as regards the tainted grand jury issue. Defendant Michael Homerding's Motion to Dismiss and Request for Discovery and Hearing is denied.

### 4. *Christopher Richard Messino's Motion to Dismiss Indictment—Non–Grand Jury Issues*

#### A. *James Daniel Good* Concerns Regarding the Forfeiture

■ Defendant Christopher Richard Messino seeks to dismiss the forfeiture portion of the indictment as against said defendant based on *United States v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). In *James Daniel Good,* as discussed above, the Supreme Court held that before the government could effect a forfeiture of real property based upon probable cause of a property's being tainted by involvement in drug trafficking, the owner must be afforded notice and a hearing. *Id.* at ——, 114 S.Ct. at 501. Defendant's theory is that therefore "the forfeiture aspect of the indictment, insofar as it relates to the seizures of real property in which Christopher Richard Messino has property interest, is tainted." (Defendants Christopher Richard Messino and William Underwood's Memorandum of Law in Support of Motion to Dismiss and Request for Discovery and Hearing at 4.) The government's position, in short, is that it wants a hearing. (Government's Consolidated Response at 61.)

But it is not clear why a hearing would be necessary here. Defendant has mounted an argument that the civil forfeiture was in contravention of *James Daniel Good.* One possible consequence of that is discussed above regarding the motion to suppress. Here, however, there is only the bare assertion that, because of the *James Daniel Good* problems, "the forfeiture aspect of the indictment, insofar as it relates to the seizures of real property in which Christopher Richard

Messino has property interests, is tainted. Dismissal is therefore required." (Defendants Christopher Richard Messino and William Underwood's Memorandum of Law in Support of Motion to Dismiss and Request for Discovery and Hearing at 4.) The natural question, and one unanswered by defendant, is "Why?" The forfeiture allegations in the instant Superseding Indictment are not a seizure in themselves, and therefore cannot yet violate *James Daniel Good.* No theory is presented under which dismissal is warranted on the *James Daniel Good* argument.[1] Nor does the court find a reason why dismissal is warranted on that basis. *Cf. United States v. 4204 Thorndale Ave.,* No. 92 C 3744, 1994 WL 92005, at *2–3 (N.D.Ill.Mar. 21, 1994).

### B. Statute of Limitations Regarding Forfeiture

■ Defendant Christopher Richard Messino also argues regarding the forfeiture allegations against him that the allegations are barred by the statute of limitations. The government had no response whatsoever to this position, which defendant supported with authority and without conclusory argument. The government's response to defendant's motion as it regarded the forfeiture allegations was to state as follows:

> For the reasons stated in the Governments [sic] Response to Defendant Christopher Richard Messino's motion to suppress, the Government seeks a hearing on the propriety of the seizure of the houses.

> The government will preserve rough notes and writings in this case.

(Government's Consolidated Response at 61.)

The referenced motion to dismiss dealt with *James Daniel Good* issues, having no relevance to the statute of limitations. As far as any intention to preserve rough notes and writings, the court is at a loss to explain how such a representation is responsive to the statute of limitations issue.

The court has held defendants to strict standards of motion practice in this case, consistently denying motions that vaguely adopt other motions or have been untimely filed without good cause shown. The government, of course, is held to the same standard. There are too many defendants and too many motions pending for the court to do the scouring of the indictment, statutes and case law that the government should have done. "The district court [is] not required to investigate the pleadings and evidence for additional arguments that might support [a party's position].... " *Garlington v. O'Leary,* 879 F.2d 277, 282 (7th Cir.1989).

The government's silence regarding the statute of limitations as to the forfeiture allegations against defendant Christopher Richard Messino leads the court to conclude that the government acquiesces in defendant's argument. Any contention by the government to the contrary may be raised by motion for reconsideration within 10 days of entry of this order on the docket. Accordingly, the motion is granted in part, and the forfeiture allegations against said defendants are dismissed.

### 5. *Motions for Bill of Particulars*

Six defendants, Christopher Richard Messino, Clement Messino, Michael Homerding, Donald Southern, William Underwood, Thomas Hauck, and Daniel Shoemaker, have moved for a bill of particulars.

### A. Background Law

■ Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the court to order the filing of a bill of particulars whenever, in the court's discretion, the indictment fails to sufficiently apprise the defendant of the charges in the indictment so that the defendant can prepare an adequate defense.

---

1. Defendant cites three cases at the end of his argument, but they do not serve his purposes. In *United States v. 4492 S. Livonia Rd.,* 889 F.2d 1258 (2d Cir.1989), the court's holding arguably bodes well for defendant on exclusion, but suggests rejection of the argument defendant makes here. *See id.* at 1265 ("Various circuit courts have held that the illegal seizure of property, standing alone, will not immunize that property from forfeiture, so long as impermissibly obtained evidence is not used in the forfeiture proceeding."). Defendant's other cases stand for the same proposition. *See United States v. 8215 Reese Rd.,* 803 F.Supp. 175, 179 n. 7 (N.D.Ill. 1992); *United States v. 124 E. North Ave.,* 651 F.Supp. 1350, 1356 (N.D.Ill.1987).

*United States v. Kendall,* 665 F.2d 126, 134 (7th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). A bill of particulars should be supplied

> to clarify the nature of the offenses charged and the ultimate facts necessary to avoid surprise or double jeopardy. When more than this is requested, the request is in the nature of a demand for evidentiary detail. The Government is not required to supply its evidence in advance of trial.

*United States v. Isaacs,* 347 F.Supp. 743, 762 (N.D.Ill.1972). Although defendants are entitled to know the facts surrounding the offense with which they are charged, defendants are not entitled to know the details of how the offense will be proved. *United States v. Glecier,* 923 F.2d 496, 502 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 54, 116 L.Ed.2d 31 (1991); *Kendall,* 665 F.2d at 135.

The court considers each defendant's motion in turn.

### B. Individual Motions

#### (1) *Christopher Richard Messino*

■ Christopher Richard Messino seeks a bill of particulars in two regards. As to Count I, he wants the government to "[g]ive the dates, places and parties present on each occasion when Christopher Richard Messino allegedly committed any act in furtherance of the charged conspiracy." (Defendant Christopher Richard Messino's Motion for Bill of Particulars at 1.) This request, first, is entirely too overbroad. It constitutes the sort of demand for "evidentiary detail" the court discussed above. Furthermore, much of the information requested is provided in the government's *Santiago* proffer, which provides extra detail on the conspiracy. Finally, it appears that this request is or will be at least partially fulfilled by the government's discovery.

■ Christopher Richard Messino also seeks a bill of particulars regarding Counts II and IV, which allege filing a false income tax return for calendar years 1986 and 1987. Defendant's first request, for the government's "method of proof" is plainly not an appropriate request, or, in any event, not one

the court in its discretion will accommodate. As far as his requests for dates, amounts and parties present for the receipt of income, or the amount by which he underreported, the government has committed itself to claiming only that defendant's drug sale receipts will be the basis for this allegation. (Government's Consolidated Response at 21.) Therefore, the information defendant has as to the larger conspiracy should allow defendant an opportunity to prepare his defense.

Defendant Christopher Richard Messino's Motion for Bill of Particulars is denied.

#### (2) *Clement Messino*

Defendant Clement Messino's motion for a bill of particulars is more ambitious than Christopher Richard Messino's motion. As to Count I, Clement Messino asks for 19 different categories of detailed information. To the extent defendant is entitled to the information, the indictment, *Santiago* proffer and government's discovery should allow Clement Messino to prepare for trial on Count I.

As to Count III, filing a false tax return, Clement Messino wants the government to "state the exact amount of money the government alleges should have been reported on defendant Clement Messino's 1986 Tax Return and identify the sources of the money and all details regarding defendant's receipt of said money and the basis upon which the government alleges said money should have been reported." (Defendant Clement Messino's Motion for a Bill of Particulars at 5.) In response to a similar request on the part of Christopher Richard Messino, the government made the representation that it was only pursuing the tax charge based on unreported drug receipts. Inexplicably, the government provided no such guidance to defendant Clement Messino. As a matter of fairness, considering the government's treatment of his codefendant, and as a matter of the court's discretion, Clement Messino's request as to Count III will be granted. The government, however, in preparing its bill of particulars, may be guided by what the court has previously accepted as sufficient information regarding defendant Christopher Richard Messino.

Clement Messino's motion continues by seeking detail regarding Count XI, which alleges money laundering. It is the court's conclusion that Count XI speaks for itself. Defendant is alerted to the month, the amount of funds, the address of the real estate the purchase of which was to launder the money, and the alleged illegal source of the funds. Thus, most of defendant's questions regarding Count XI are answered by a combination of the indictment and the *Santiago* proffer. Clement Messino also seeks detail regarding the allegation that the financial transaction affected interstate commerce. It is believed that defendant will not require further facts behind the government's "interstate commerce" theory to prepare for trial, as by all indications it should be uncomplicated and straightforward. And certainly the Superseding Indictment has informed defendant of the charge against him on Count XI.

Finally, Clement Messino seeks a bill of particulars regarding the forfeiture allegations. He seeks various details regarding the alleged transactions and their connection to illegality. Read with Counts I and XI of the indictment (which are incorporated by reference into the forfeiture allegations), along with the *Santiago* proffer, defendant appears to have enough of an understanding of the government's case to prepare for trial.

Defendant Clement Messino's Motion for a Bill of Particulars is granted in part and denied in part.

### (3) *Michael Homerding*

Defendant Michael Homerding's Motion for a Bill of Particulars asks for details much as Clement Messino's sought. For the same reasons, the government's submissions and discovery are, in the court's view, adequate for Homerding to prepare his defense and avoid double jeopardy.

Accordingly, Defendant Michael Homerding's Motion for Bill of Particulars is denied.

### (4) *Donald Southern*

Defendant Donald Southern is only indicted in Count I, the conspiracy count. Naturally enough, his motion for bill of particulars only concerns Count I. His motion argues that the government must provide Southern "the specifics of date, time, place, manner, etc." that he "allegedly agreed to or engaged in the possession or distribution of cocaine." (Defendant Donald Southern's Motion for Bill of Particulars at 1.)

As explained above, the request is overbroad; and the indictment, *Santiago* proffer and discovery should allow Southern to prepare for trial. Accordingly, Defendant Donald Southern's Motion for Bill of Particulars is denied.

### (5) *William Underwood*

Defendant William Underwood's motion is denied for two reasons. First, it is overbroad, seeking "the date, places and parties present on each occasion when William Underwood allegedly committed any act in furtherance of the charged conspiracy." (Defendant William Underwood's Motion for Bill of Particulars at 1.) Second, as explained above, Underwood has been supplied enough information to prepare for trial.

Accordingly, Defendant William Underwood's Motion for a Bill of Particulars is denied.

### (6) *Thomas Hauck*

Defendant Thomas Hauck's motion focuses on fleshing out the details of the conspiracy. That, the court believes, has been accomplished through the indictment and the government's *Santiago* proffer, and accordingly, Hauck has been supplied with enough of the kind of information he now seeks to prepare for trial.

Accordingly, Defendant Thomas Hauck's Motion for a Bill of Particulars is denied.

### (7) *Daniel Shoemaker*

Defendant Daniel Shoemaker's motion resembles that of many of his codefendants. He seeks greater detail about the conspiracy in general and the government's theory as to how he became involved in the conspiracy. The court's reading of the indictment along with the *Santiago* proffer establishes that Shoemaker has been provided adequate information.

Accordingly, Defendant Daniel Shoemaker's Motion for Bill of Particulars is denied.

### 6. Defendant Daniel Shoemaker's Motion for Government Agents and Attorneys to Retain Rough Notes and Writings

The government has not opposed the request defendant makes in this motion, instead focusing on production issues not before the court. Accordingly, Defendant Daniel Shoemaker's Motion for Government Agents and Attorneys to Retain Rough Notes and Writings is denied as moot.

### 7. Motions Seeking Santiago Proffer or Otherwise Related to Admissibility of Coconspirator Statements

Defendant Christopher Richard Messino has moved for a determination on admissibility of coconspirators' statements and to require production of a *Santiago* memorandum. *United States v. Santiago,* 582 F.2d 1128 (7th Cir.1978). Defendant Thomas Hauck has moved *in limine* regarding the admissibility of coconspirator statements. Defendant Daniel Shoemaker has moved for pretrial hearings on the admissibility of coconspirators' statements.

The government has filed a *Santiago* memorandum, so the first two motions are moot. The court will rule on the government's evidentiary proffer by separate order.

Defendant Daniel Shoemaker's motion, however, goes beyond requesting a mere memorandum. This third motion seeks a hearing, and thus merits separate consideration.

Defendant Daniel Shoemaker seeks a pretrial hearing on the admissibility of coconspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E), arguing that a mere written *Santiago* proffer will not suffice. A written proffer has been specifically condoned as a method whereby a district court may make a preliminary determination of Rule 801(d)(2)(E) admissibility. *See, e.g., United States v. Cox,* 923 F.2d 519, 526 (7th Cir.1991); *United States v. Boucher,* 796 F.2d 972, 974 (7th Cir.1986). Defendant here

asserts the existence of, but never specifies, unique circumstances causing a proffer to be inappropriate in this instance. The court finding no such unique circumstance, it will evaluate the preliminary admissibility of Rule 801(d)(2)(E) evidence based on the government's *Santiago* proffer.[2]

Defendant Christopher Richard Messino's Motion for Determination on Admissibility of Coconspirators' Statements and to Require Production of *Santiago* Memorandum is denied as moot. Defendant Thomas Hauck's Motion *in limine* Regarding the Admissibility of Coconspirator Statements is denied as moot. Defendant Daniel Shoemaker's Motion for Pretrial Hearings on the Admissibility of Coconspirators' Statements is denied.

### 8. Defendant Daniel Shoemaker's Motion for Disclosure of Mail Cover

The government, in response to defendant Daniel Shoemaker's motion, has represented that it "did not have a mail cover in this case on Shoemaker or any other defendant or defense attorney." (Government's Consolidated Response at 46.) Accordingly, Defendant Daniel Shoemaker's Motion for Disclosure of Mail Cover is denied as moot.

### 9. Defendant Daniel Shoemaker's Motion for Disclosure of Electronic or Other Surveillance

The government represented in its response that it has complied and is complying with defendant's request. (Government's Consolidated Response at 51.) Accordingly, Defendant Daniel Shoemaker's Motion for Disclosure of Electronic or Other Surveillance is denied as moot.

### 10. Motions for Early Issuance of Subpoenas and Early Return Thereof

The government has agreed to defendants' motions, and therefore, by agreement, Defendants Christopher Richard Messino and William Underwood's Motion for Early Return

---

**2.** The court has not ruled on admissibility of Rule 801(d)(2)(E) evidence, and does not shed light on its position regarding same by this ruling. When the *Santiago* proffer is analyzed in detail, the conclusion may be that the proffered evidence is inadmissible even preliminarily, or, indeed, that for one reason or another further proceedings will be necessary before admitting the evidence. Defendant's instant motion was based on the theory that a *Santiago* proffer would be *per se* inadequate in this case, and it is only that position that is repudiated today.

of Trial Subpoena is granted. Likewise, Defendant Michael Homerding's Agreed Motion for Early Return of Subpoenas is granted, and Defendant Donald Southern's Motion for Issuance of Subpoenas and Early Return Thereof is granted.

### 11. *Defendant Christopher Richard Messino's Motion for Access to Original Tape-recordings and Physical Evidence*

The government has agreed to comply with defendant's request. Accordingly, Defendant Christopher Richard Messino's Motion for Access to Original Tape-recordings and Physical Evidence is denied as moot.

### 12. *Defendant Christopher Richard Messino's Motion to Compel MCC to Make a Tape-recorder Available to Defendant and Counsel*

The government represents that the MCC (Metropolitan Correctional Center) is complying with defendant's request. Accordingly, Defendant Christopher Richard Messino's Motion to Compel MCC to Make a Tape-recorder Available to Defendant and Counsel is denied as moot.

### 13. *Motions for Notice of Government's Intention to Introduce Certain Specified Categories of Evidence*

Defendant Michael Homerding has moved for an order that the government reveal any intention to introduce Rule 404(b) evidence. Defendants Clement Messino, Donald Southern, Thomas Hauck, and Daniel Shoemaker have filed similar motions, with the added element of seeking evidence under Rule 608. Finally Christopher Richard Messino and William Underwood have filed a motion seeking Rule 404(b) evidence, Rule 608 evidence, and other various categories of evidence.

#### A. Rule 404(b) Evidence

Rule 404(b) of the Federal Rules of Evidence establishes that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R.EVID. 404(b). The rule provides, however, that evidence of "other crimes, wrongs, or acts" may be admissible for other specified purposes. But to invoke a Rule 404(b) exception the government must meet the rule's disclosure requirement: "[U]pon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." FED.R.EVID. 404(b).

Defendants' motions constitute a "request by the accused." The prosecution is therefore required to provide reasonable notice in advance of trial, an obligation the government acknowledges. (Government's Consolidated Response at 22.) As far as the amount of notice the government will give, it has agreed to provide notice at least 30 days before trial, an amount of time the court views as reasonable. Indeed, that period of time is approximately that requested by one of the defendants. (*See* Defendant Michael Homerding's Motion for Notice of Intention to Use Evidence of Other Crimes, Acts and Wrongs of Any Defendant at 2 ("[D]efendant requests reasonable notice before trial, and thus requests notice four weeks prior to trial.").)

As far as the content of the notice is concerned, the government is correct in noting that Rule 404(b) only requires that the notice inform defendants of the "general nature" of the evidence. The level of specificity called for by some of the defendants is simply not contemplated by Rule 404(b).

#### B. Rule 608 Evidence

██ Defendants Christopher Richard Messino, Clement Messino, Donald Southern, Thomas Hauck, William Underwood, and Daniel Shoemaker also seek notice of intended use of Rule 608(b) evidence, or evidence of specific instances of conduct. This court has previously held that defendants generally are not entitled to special pretrial notice of the introduction of Rule 608(b) evidence, and the court reaffirms that holding for the reasons then given. *See United States v. Sims*, 808 F.Supp. 607, 611 (N.D.Ill.1992).

#### C. Data Forming the Basis for Opinion Testimony

Defendants Christopher Richard Messino and William Underwood seek information be-

hind any expert opinion the government intends to offer. The government acknowledges its Rule 16(a)(1)(E) obligations in that regard. Defendants' detailed requests do, as the government argues, exceed those obligations. The court, on the government's representation, assumes that the government's stated intent to follow Rule 16 will be fulfilled. However, the court adds that it is troubled by the following statement by the government: "The United States herein agrees to disclose to defendants prior to trial whether it will rely upon expert testimony, but defendants' request for pretrial disclosure of information upon which the expert will rely should be denied." (Government's Response at 25.) The court assumes the government is aware that Rule 16(a)(1)(E) requires more than that the government disclose "whether it will rely upon expert testimony," and that such disclosure should be conducted pretrial.

### D. Ten-year-old Convictions

Defendants Christopher Richard Messino and William Underwood also request notice of the government's intention to use evidence of a conviction more than 10 years old for impeachment. The government is obligated to provide such notice under Rule 609(b) of the Federal Rules of Evidence, and the government has acknowledged that obligation.

### E. Residual Exception to Hearsay Rule

Defendants Christopher Richard Messino and William Underwood also request notice of the government's intention to introduce evidence under the residual exception to the hearsay rule. FED.R.EVID. 803(24), 804(b)(5). Such notice is required by the Federal Rules of Evidence, and the government has acknowledged that obligation.

### F. Data Underlying Charts or Summaries

■ Defendants Christopher Richard Messino and William Underwood finally seek access to charts or summaries the government intends to introduce under Federal Rule of Evidence 1006 and the underlying data. Defendants want the materials sixty days before trial. The government agreed to provide it two weeks before trial. The court views two weeks before trial as a reasonable time to make the material available pursuant to Rule 1006.

Accordingly, as Defendant Michael Homerding's Motion for Notice of Intention to Use Evidence of Other Crimes, Acts and Wrongs of Any Defendant sought proper notice of the introduction of Rule 404(b) evidence, and the government has acknowledged that obligation, said motion is denied as moot. Defendants Clement Messino, Donald Southern, Thomas Hauck, and Daniel Shoemaker's motions sought Rule 404(b) evidence, but also sought notice of Rule 608(b) evidence, to which they are not entitled. Accordingly, said defendants' motions are denied as moot in part and denied in part. Defendants Christopher Richard Messino and William Underwood requested Rule 404(b) evidence and Rule 608(d) evidence. Said defendants also sought FED.R.CRIM.P. 16(a)(1)(E), FED.R.EVID. 609(b), and FED. R.EVID. 803(24), 804(5) disclosure, all of which the government agreed to provide. Said defendants also sought FED.R.EVID. 1006 disclosure before trial, which the government was willing to provide. Accordingly, said defendants' motion is denied as moot in part and denied in part.

### 14. *Motions for a List of Witnesses*

Defendants Christopher Richard Messino, William Underwood, Donald Southern, and Daniel Shoemaker seek an order compelling the government to provide a list of its witnesses prior to trial.

■ The government is not required to provide defendants with a list of all prospective witnesses.[3] *E.g., United States v. Braxton,* 877 F.2d 556, 560 (7th Cir.1989). Nonetheless, the court may require the govern-

---

**3.** To the extent defendants' requests for witnesses seek disclosure of the identities of persons who can provide information favorable to the accused which is material to guilt, the government must furnish the defendant with the identities of these persons pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See United States v. Villareal,* 752 F.Supp. 851, 852 (N.D.Ill.1991). The government has acknowledged its responsibilities under *Brady.*

ment to produce its list of witnesses. *See United States v. Jackson*, 508 F.2d 1001, 1005–07 (7th Cir.1975) (upholding an order for the government to produce its list of witnesses).

The court finds no specific need for such a list here. As the government notes, it has and will effectively be providing much of this information through pretrial disclosure. The government has also committed itself to providing a list of intended witnesses, excluding those for whom it has safety concerns, approximately one week before trial.

Accordingly, Defendants Christopher Richard Messino and William Underwood's Motion for Production of Witness List is denied. Defendant Donald Southern's Motion for a List of Witnesses is denied. Defendant Daniel Shoemaker's Motion for List of Witnesses is denied.

### 15. *Defendant Daniel Shoemaker's Motion to Produce Witness*

Defendant Daniel Shoemaker has moved for the government to be required to produce Robin Hunt, a witness that is "currently being sequestered," according to defendant. (Defendant Daniel Shoemaker's Motion to Produce Witness at 1.) However, the government represents that it "does not have Ms. Hunt sequestered," and that Ms. Hunt left the area on her own initiative. The government does acknowledge, however, that it is "able to contact Ms. Hunt." (Government's Consolidated Response at 41.) Defendant Daniel Shoemaker provides no authority for his request. And, in any event, since Ms. Hunt is not under government sequester, there is nothing to order the government to do, independent of fulfilling its basic discovery obligations.

Accordingly, Defendant Daniel Shoemaker's Motion to Produce Witness is denied.

### 16. *Motions for Disclosure of Grand Jury Proceedings*

Defendants Clement Messino, Daniel Shoemaker and Lawrence Thomas have moved for disclosure of grand jury proceedings. As the government notes, defendants have not established "with particularity" a

"compelling necessity" for the materials and information requested, and accordingly the motions are denied. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); *see also United States v. Marin*, 7 F.3d 679, 685 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 739, 126 L.Ed.2d 702 (1994). Of course, as the government acknowledges, should the government be under a duty from some other source to disclose information covered by these three motions the court's denial of these three motions does not eliminate that duty.

Defendant Clement Messino's Motion for Disclosure Pursuant to Rule 6(e), Fed. R.Crim.P., is denied. Defendant Daniel Shoemaker's Motion to Disclose Grand Jury Proceedings is denied. Defendant Lawrence Thomas's Motion for Access to Testimony Before the Grand Jury is denied.

### 17. *Defendant Thomas Hauck's Motion for Production and Inspection*

Defendant Thomas Hauck has moved for production and inspection of materials pursuant to Federal Rule of Criminal Procedure 16. By Hauck's own account, the government has acknowledged its Rule 16 obligations. Accordingly, Defendant Thomas Hauck's Motion for Production and Inspection is denied as moot.

### 18. *Defendant Daniel Shoemaker's Motion for Notice by the Government of the Intention to Use Evidence*

The government has acknowledged its obligations to defendant Daniel Shoemaker under Rules 12(d)(2) and 16 of the Federal Rules of Criminal Procedure. (Government's Consolidated Response at 33–34.) Accordingly, Defendant Daniel Shoemaker's Motion for Notice by the Government of the Intention to Use Evidence is denied as moot.

### 19. *Defendant Lawrence Thomas's Motion for Discovery and Inspection*

The requests defendant Thomas makes in his motion are covered elsewhere in this memorandum opinion, and for reasons discussed therein, Defendant Lawrence Thom-

as's Motion for Discovery and Inspection is denied as moot in part and denied in part.

### 20. *Motions for Production of All Favorable Evidence*

The government has, in its briefing, acknowledged its obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

Accordingly, the Motion of Defendant Clement Messino for Disclosure of Favorable Evidence is denied as moot. Defendant Michael Homerding's Motion for Production of Favorable Evidence is denied as moot. Defendant Thomas Hauck's Motion for Favorable Evidence is denied as moot. Defendant Daniel Shoemaker's Motion for Production of All Favorable Evidence is denied as moot.

### 21. *Defendants Christopher Richard Messino and William Underwood's Motion for Production of Impeaching and Exculpatory Information*

The government has recognized its "continuing obligation" under *Brady* and *Giglio* to "furnish each defendant any evidence known to the United States Attorney and the relevant investigative agencies (or which becomes known during the course of this litigation) which tends: (1) to establish the defendant's innocence; (2) to mitigate punishment, or (3) to impeach or to discredit the testimony of any witness whom the government anticipates calling to trial." (Government's Consolidated Response at 28.) Any specific requests made by defendants presumably will therefore be handled under the principles of *Brady* and *Giglio.* As far as any request for *immediate* production of exculpatory and impeaching information, as the court discussed above, that is simply not an accurate statement of the government's burden.

Accordingly, Defendants Christopher Richard Messino and William Underwood's Motion for Production of Impeaching and Exculpatory Information is denied as moot in part and denied in part.

### 22. *Motions for Production of Jencks Act Material*

Defendants Donald Southern and Lawrence Thomas have moved for pretrial disclosure of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500, thirty days before trial. The government agrees to provide the information, but asks to provide it two weeks before trial, which the court considers reasonable, given that, as this court has held before, district courts have no authority to order pretrial disclosure of material embraced by the Jencks Act. *United States v. Sims,* 808 F.Supp. at 616 (citing cases).

Accordingly, Defendant Donald Southern's Motion For Pretrial Production of Jencks Material is denied as moot in part and denied in part. Defendant Lawrence Thomas's Motion for Pretrial Receipt of All Jencks Act Material is denied as moot in part and denied in part.

### 23. *Defendants Christopher Richard Messino and William Underwood's Motion for Production of Codefendants or Coconspirator Statements and Cooperation Agreements*

The government has acknowledged its obligations regarding the materials requested here by defendants. So there is no confusion, the court notes that the government raised no objection to defendants' request that the production be instanter. Therefore, the court holds the government to producing the requested materials as soon as practicable. Of course, this obligation, as the government acknowledges, is ongoing.

Accordingly, Defendants Christopher Richard Messino and William Underwood's Motion for Production of Codefendants or Coconspirator Statements and Cooperation Agreements is denied as moot.

### 24. *Defendant Daniel Shoemaker's Motion for Disclosure of Impeaching Information*

The government has acknowledged its obligations under *Brady* and *Giglio.* The government's discussion of its intended handling of defendant Shoemaker's more specific re-

quests reaffirms the government's full acknowledgment. Accordingly, as to the general request, the motion is denied as moot.

■ However, defendant Shoemaker also insists that production be carried out "[p]retrial." (Defendant Shoemaker's Memorandum of Law in Support of Motion for Disclosure of Impeaching Information at 2.) As the government notes, however, pretrial disclosure is simply not required. *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982). " 'As long as ultimate disclosure is made before it is too late for the defendant[ ] to make use of any benefits of the evidence, Due Process is satisfied.' " *Id.* (citation omitted). As to this request, defendant's motion is therefore denied.

Accordingly, Defendant Daniel Shoemaker's Motion for Disclosure of Impeaching Information is denied as moot in part and denied in part.

### 25. *Defendant Daniel Shoemaker's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment*

The government has generally declared its awareness of its *Brady* and *Giglio* obligations, and has also committed itself to "provid[ing] to defendants any and all agreements with any witnesses prior to trial." (Government's Consolidated Response at 34.)

Accordingly, Defendant Daniel Shoemaker's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment is denied as moot.

### 26. *Motions for Disclosure of Informers*

■ Defendants Michael Homerding and Daniel Shoemaker move for an order that the government reveal the existence and identity of any confidential informers, as well as certain information about any informers.

In *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628–29, 1 L.Ed.2d 639 (1958), the Supreme Court held that to determine whether the government must disclose the identity of an informant, the court must balance the defendant's need for disclosure to ensure a fair trial with the public's interest in preserving the informant's anonymity and encouraging citizens to report crimes. Whether disclosure is required depends " 'on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' " *United States v. Andrus*, 775 F.2d 825, 841–42 (7th Cir.1985) (citation omitted). Significantly, the Seventh Circuit has held that it is a defendant's burden to "establish a genuine need for disclosure before disclosure should be ordered." *Id.* at 842; *see also United States v. Spears*, 965 F.2d 262, 273 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 502, 121 L.Ed.2d 438 (1992); *Dole v. Local 1942, IBEW*, 870 F.2d 368, 373 (7th Cir.1989).

The government is right, therefore, to emphasize that defendants have not established or even attempted to establish any "genuine need" for disclosure of confidential informants in this case. That coupled with the fact that the government has renewed its commitment to disclose information and materials it is required to reveal at the stage of the proceedings it is required to reveal them, leads the court to the conclusion that the order defendants seek is not warranted.

Accordingly, Defendant Michael Homerding's Motion for Disclosure of Confidential Informers is denied. Defendant Daniel Shoemaker's Motion for Disclosure of Existence of Informers is denied.

### 27. *Defendants Christopher Richard Messino and William Underwood's Motion for Severance*

Defendants Christopher Richard Messino and William Underwood jointly move for severance pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, Rule 14 of the Federal Rules of Criminal Procedure, and *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Specifically, said defendants seek to sever prosecution of Counts V (accusing Paul Messino of a December 20, 1989, cocaine delivery), VI (accusing Paul Messino of a January 4, 1990, cocaine delivery), VII (accusing Paul Messino

of a January 26, 1990, cocaine delivery), VIII (accusing Christopher B. Messino of a March 13, 1990, cocaine delivery), IX (accusing Christopher B. Messino of a March 29, 1990, cocaine delivery), X (accusing Lawrence Thomas of a July 31, 1990, cocaine delivery), and XI (accusing Clement Messino of money laundering). The court reaches each severance theory separately.

## A. Proper Joinder Under Rule 8(b)

Defendants first argue for severance by asserting that the requirements for joinder of defendants under Rule 8(b) of the Federal Rules of Criminal Procedure are not met. Rule 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Therefore, where, as here, defendants in a multiple-defendant case challenge joinder of offenses, the court asks whether the codefendants participated in the "same series of acts or transactions constituting an offense or offenses." FED.R.CRIM.P. 8(b); *United States v. Diaz*, 876 F.2d 1344, 1355 (7th Cir.1989). Proper joinder is determined from the face of the indictment. *Id.* at 1356. The Seventh Circuit has indicated that " 'the word transaction contemplates a series of many acts depending not so much upon immediateness of their connection as upon logical relationship.' " *United States v. Cavale*, 688 F.2d 1098, 1106 (7th Cir.) (citation omitted), *cert. denied*, 459 U.S. 1018, 103 S.Ct. 380, 74 L.Ed.2d 513 (1982). " 'The test of whether the acts of the defendants are part of a series of transactions depends upon the existence of a common plan.' " *Id.* (quoting *United States v. Scott*, 413 F.2d 932, 935 (7th Cir.1969), *cert. denied*, 396 U.S. 1006, 90 S.Ct. 560, 24 L.Ed.2d 498 (1970)).

Here the requirements of Rule 8(b) are met. The indictment reflects that all twelve of the defendants are named as coconspirators in Count I. A "conspiracy charge provides a sufficient basis to join the defendants." *United States v. Briscoe*, 896 F.2d 1476, 1515 (7th Cir.), *cert. denied*, 498 U.S. 863, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990).

But it is defendants' theory that the disputed counts cannot be part of the Rule 8(b) joinder. This could only be so under defendants' theory if the disputed counts were not in furtherance of the conspiracy. It is the government's theory that "[a]ll of these acts [in the disputed counts] were in furtherance of the conspiracy charged in Count One." That theory can also be inferred from the indictment, but the fact that the government here further committed to that theory provides further assurance. Any doubt is resolved: this is not a case alleging multiple conspiracies. Counts V, VI and VII charge Paul Messino with individual multi-gram cocaine deliveries. Count X charges Lawrence Thomas with another cocaine delivery. Count XI charges Clement Messino with money laundering. All of these acts are alleged to be in furtherance of the conspiracy charged. Thus, joinder here is proper, and this severance argument of defendants fails.

## B. Severance Under Rule 14

Rule 14 of the Federal Rules of Criminal Procedure provides that even properly joined defendants may secure severance "[i]f it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants." FED.R.CRIM.P. 14. The Supreme Court has instructed, however, that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, —— U.S. ——, ——, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993); *see also, e.g., United States v. McAnderson*, 914 F.2d 934, 939 (7th Cir.1990). What's more, the Seventh Circuit has emphasized that " 'the trial judge should give deference to the "strong public interest in having persons jointly indicted tried together." ' " *United States v. Diaz*, 876 F.2d 1344, 1357 (7th Cir.1989) (citations omitted).

Here the court agrees with the government that defendants have not demonstrated

any prejudice outweighing the strong public interest in a single trial in this case. Furthermore, as the government notes, defendants' theory of lack of connection between the disputed counts and Count I is belied by the indictment and the government's representations.

### C. Severance Pursuant to *Bruton v. United States*

■ Defendants' final theory—although it is logically only the theory of Christopher Richard Messino—is that during a stop of codefendant Christopher B. Messino at which police officers recovered three kilograms of a substance containing cocaine, "Christopher B. Messino supposedly stated that the vehicle he was driving belonged to his father." (Memorandum of Law in Support of Motion for Severance at 6.) Accordingly, defendants argue, a severance is warranted under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), since "[t]he government cannot offer Christopher B. Messino's alleged statement implicating his father at a trial in which Christopher Richard Messino is a defendant." (Memorandum of Law in Support of Motion for Severance at 6.)

The government has offered two solutions to the *Bruton* problem. The government has offered to "redact the part of the statement which implicates Christopher Richard Messino," or, if the court is unsatisfied with that solution, to "not elicit testimony with regards to the statement or attempt to offer it into evidence in any other way." (Government's Consolidated Response at 14.) The court is not asked at this point to rule on the preferred solution to any *Bruton* problem. The only question before the court is severance, and it is clear at the very least that the government's proposal, since it has proffered total exclusion of the statement, would preclude severance based on any *Bruton* problem.

Accordingly, Defendants Christopher Richard Messino and William Underwood's Motion for Severance is denied.

### 28. *Defendant Clement Messino's Motion to Adopt Codefendants' Pretrial Motions*

Other defendants have filed motions similar to this one, and those motions were previously denied by the court. The court's reasoning as to those defendants' motions holds true for Clement Messino as well. This is a multiple-defendant case (12 defendants) and multiple motions and memoranda have been filed. It is not the obligation of the court to sift through the pleadings to determine what motions, if any, apply to defendant Clement Messino.

Accordingly, Defendant Clement Messino's Motion to Adopt Codefendants' Pretrial Motions is denied.

### 29. *Motions for Leave to File Additional Pretrial Motions*

Defendants Christopher B. Messino and Daniel Shoemaker have sought leave to file additional pretrial motions. The government has responded that it cannot take a position on these motions without seeing the motion defendants will wish to present. The court views these motions much the same way.

The court's pretrial schedule stands, and the time for filing pretrial motions has passed. If between now and trial a defendant wishes to persuade the court that good cause entitles him to file a certain motion, he can present a motion for leave to file an additional pretrial motion at that time.

Accordingly, Defendant Clement Messino's Motion for Leave to File Additional Pretrial Motions is denied without prejudice. Defendant Daniel Shoemaker's Motion Reserving the Right to File Additional Motions is denied without prejudice.

### *CONCLUSION*

In summary, Defendant Christopher Richard Messino's Motion to Suppress is referred to the magistrate judge for a hearing and report and recommendation. Defendant Clement Messino's Motion to Suppress Illegally Seized Evidence is denied as moot in part and referred to the magistrate judge for a hearing and report and recommendation in part. Defendants Christopher Richard Messino and William Underwood's Motion to Dismiss and Request for Discovery and Hearing is denied in part and granted in part. Defendant Michael Homerding's Motion to Dismiss

and Request for Discovery and Hearing is denied. Defendant Christopher Richard Messino's Motion for Bill of Particulars is denied. Defendant Clement Messino's Motion for a Bill of Particulars is granted in part and denied in part. Defendant Michael Homerding's Motion for Bill of Particulars is denied. Defendant Donald Southern's Motion for Bill of Particulars is denied. Defendant William Underwood's Motion for a Bill of Particulars is denied. Defendant Thomas Hauck's Motion for a Bill of Particulars is denied. Defendant Daniel Shoemaker's Motion for Bill of Particulars is denied. Defendant Daniel Shoemaker's Motion for Government Agents and Attorneys to Retain Rough Notes and Writings is denied as moot. Defendant Christopher Richard Messino's Motion for Determination on Admissibility of Coconspirators' Statements and to Require Production of *Santiago* Memorandum is denied as moot. Defendant Thomas Hauck's Motion *in Limine* Regarding the Admissibility of Coconspirator Statements is denied as moot. Defendant Daniel Shoemaker's Motion for Pretrial Hearings on the Admissibility of Coconspirators' Statements is denied. Defendant Daniel Shoemaker's Motion for Disclosure of Mail Cover is denied as moot. Defendant Daniel Shoemaker's Motion for Disclosure of Electronic or Other Surveillance is denied as moot. Defendants Christopher Richard Messino and William Underwood's Motion for Early Return of Trial Subpoena is granted. Defendant Michael Homerding's Agreed Motion for Early Return of Subpoenas is granted. Defendant Donald Southern's Motion for Issuance of Subpoenas and Early Return Thereof is granted. Defendant Christopher Richard Messino's Motion for Access to Original Tape-recordings and Physical Evidence is denied as moot. Defendant Christopher Richard Messino's Motion to Compel MCC to Make a Tape-recorder Available to Defendant and Counsel is denied as moot. Defendant Michael Homerding's Motion for Notice of Intention to Use Evidence of Other Crimes, Acts and Wrongs of Any Defendant is denied as moot. Defendant Clement Messino's Motion for an Order Requiring the Government to Give Immediate Notice of its Intention to Use Certain Other Crimes, Wrongs or Acts Evidence is denied as moot in part and denied in part. Defendant Don-

ald Southern's Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence is denied as moot in part and denied in part. Defendant Thomas Hauck's Motion for Disclosure of Rule 404(b) and 608 Evidence is denied as moot in part and denied in part. Defendants Christopher Richard Messino and William Underwood's Motion for Pretrial Production of Material Pursuant to the Federal Rules of Evidence is denied as moot in part and denied in part. Defendant Daniel Shoemaker's Motion for an Order Requiring the Government to Give Notice of its Intention to Use Evidence of Other Crimes, Wrongs or Bad Acts is denied as moot in part and denied in part. Defendants Christopher Richard Messino and William Underwood's Motion for Production of Witness List is denied. Defendant Donald Southern's Motion for a List of Witnesses is denied. Defendant Daniel Shoemaker's Motion for List of Witnesses is denied. Defendant Daniel Shoemaker's Motion to Produce Witness is denied. Defendant Clement Messino's Motion for Disclosure Pursuant to Rule 6(e), FED.R.CRIM.P., is denied. Defendant Daniel Shoemaker's Motion to Disclose Grand Jury Proceedings is denied. Defendant Lawrence Thomas's Motion for Access to Testimony Before the Grand Jury is denied. Defendant Thomas Hauck's Motion for Production and Inspection is denied as moot. Defendant Daniel Shoemaker's Motion for Notice by the Government of the Intention to Use Evidence is denied as moot. Defendant Lawrence Thomas's Motion for Discovery and Inspection is denied as moot in part and denied in part. Motion of Defendant Clement Messino for Disclosure of Favorable Evidence is denied as moot. Defendant Michael Homerding's Motion for Production of Favorable Evidence is denied as moot. Defendant Thomas Hauck's Motion for Favorable Evidence is denied as moot. Defendant Daniel Shoemaker's Motion for Production of All Favorable Evidence is denied as moot. Defendants Christopher Richard Messino and William Underwood's Motion for Production of Impeaching and Exculpatory Information is denied as moot in part and denied in part. Defendant Donald Southern's Motion For Pretrial Production of Jencks Material is denied as moot in part and denied in part. Defendant Lawrence Thomas's Motion for Pretrial Receipt of All Jencks Act Material is

denied as moot in part and denied in part. Defendants Christopher Richard Messino and William Underwood's Motion for Production of Codefendants or Coconspirator Statements and Cooperation Agreements is denied as moot. Defendant Daniel Shoemaker's Motion for Disclosure of Impeaching Information is denied as moot in part and denied in part. Defendant Daniel Shoemaker's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment is denied as moot. Defendant Michael Homerding's Motion for Disclosure of Confidential Informers is denied. Defendant Daniel Shoemaker's Motion for Disclosure of Existence of Informers is denied. Defendants Christopher Richard Messino and William Underwood's Motion for Severance is denied. Defendant Clement Messino's Motion to Adopt Codefendants' Pretrial Motions is denied. Defendant Clement Messino's Motion for Leave to File Additional Pretrial Motions is denied without prejudice. Defendant Daniel Shoemaker's Motion Reserving the Right to File Additional Motions is denied without prejudice.